IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES BOYLE, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS AND STATE |
| University of Chicago Police Officer ) | SUPPLEMENTAL CLAIMS |
| LARRY TORRES, Star # 1028, ) | |
| University of Chicago Police Officer ) | |
| CLARENCE E. MOORE, Star #1012, ) | |
| University of Chicago Police Officer ) | **JURY DEMANDED** |
| GALARZA, University of Chicago Police ) | |
| Officer KWIATKOWSKI, University of ) | FILED: FEBRUARY 19, 2009 |
| Chicago Police Officer GILLESPIE, ) | 09CV1080 |
| UNIVERSITY OF CHICAGO, Chicago ) | JUDGE BUCKLO |
| Police Officer V. DARLING, Star ) | MAGISTRATE JUDGE DENLOW |
| #19135, Chicago Police Officer C. E. ) | BR |
| MARTIN, Star #17246, and the CITY OF ) | |
| CHICAGO, ) | |
| ) | |
| Defendants. | |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff, Charles Boyle, was and is a citizen of the United States, and was within the jurisdiction of this court.

4.	At all times herein mentioned, Defendant University of Chicago Police Officer Larry Torres, Star No. 1028 ("Torres"), was employed by the University of Chicago, and was acting under color of state law and as the employee, agent, or representative of the University of Chicago. This Defendant is being sued in his individual capacity.

5.	At all times herein mentioned, Defendant University of Chicago Police Officer Clarence E. Moore, Star No. 1012 ("Moore"), was employed by the University of Chicago, and was acting under color of state law and as the employee, agent, or representative of the University of Chicago. This Defendant is being sued in his individual capacity.

6.	At all times herein mentioned, Defendant University of Chicago Police Officer Galaraza ("Galarza"), was employed by the University of Chicago, and was acting under color of state law and as the employee, agent, or representative of the University of Chicago. This Defendant is being sued in his individual capacity.

7.	At all times herein mentioned, Defendant University of Chicago Police Officer Kwiatkowski ("Kwiatkowski"), was employed by the University of Chicago, and was acting under color of state law and as the employee, agent, or representative of the University of Chicago. This Defendant is being sued in his individual capacity.

8.	At all times herein mentioned, Defendant University of Chicago Police Officer Gillespie ("Gillespie"), was employed by the University of Chicago, and was acting under color of state law and as the employee, agent, or representative of the University of Chicago. This Defendant is being sued in his individual capacity.

9.	At all times herein mentioned, the University of Chicago was a private educational institution that maintained, managed, and/or operated the University of Chicago Police Department. At all relevant times, the State of Illinois delegated the public functions traditionally performed

exclusively by municipal police officers and county sheriffs, state actors, to the University of Chicago.

10. At all times herein mentioned, Defendant Chicago Police Officer V. Darling, Star No. 19135 ("Darling"), was employed by the City of Chicago, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago. This Defendant is being sued in his individual capacity.

11. At all times herein mentioned, Defendant Chicago Police Officer C. E. Martin, Star No. 17246 ("Martin"), was employed by the City of Chicago, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago. This Defendant is being sued in his individual capacity.

12. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

13. On or about October 18, 2008, Plaintiff was lawfully in a public place, in the City of Chicago, Cook County, State of Illinois.

14. On that day and place Defendants Torres, Moore, Galarza, Kwiatkowski, Gillespie, Darling, and Martin seized Plaintiff.

15. Plaintiff did not consent to being seized.

16. There was no outstanding arrest warrant for Plaintiff.

11. There was no legal cause to seize Plaintiff.

12. During the course of seizing Plaintiff Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie used force against Plaintiff.

13. There was no legal cause for Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie to use force against Plaintiff.

14. Defendants Darling and Martin witnessed Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie use force against Plaintiff.

15. Defendants Darling and Martin had the ability and opportunity to stop Defendants Torres, Martin, Galarza, Kwiatkowski, and Gillespie but failed to take any action to protect Plaintiff from the force used by Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie.

16. Plaintiff was then transported to the 21st District Police Station where he was imprisoned.

17. On or about October 18, 2008, the individual Defendants caused false criminal charges to be brought against Plaintiff for resisting or obstructing a peace officer.

18. On or about January 27, 2009, the charges terminated in Plaintiff's favor.

19. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

20. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

21. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff

4

requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie for UNREASONABLE SEIZURE

22. Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

23. By reason of the conduct by Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

24. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated Plaintiff's rights in the following manner: the seizure of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Against Defendants Darling and Martin for UNREASONABLE SEIZURE

25. Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

26. By reason of the conduct by Defendants Darling and Martin, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

27. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated Plaintiff's rights in the following manner: the seizure of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiff Against Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie for EXCESSIVE FORCE

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

29. During and immediately after Plaintiff's seizure, Defendants used excessive force against Plaintiff's person.

30. There was no legal cause for Defendants to use force against Plaintiff.

31. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

32. The physical violence inflicted upon Plaintiff by Defendants was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT IV
**Plaintiff Against Defendants Darling and Martin for**
**FAILURE TO PROTECT**

33. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

34. Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie used excessive force against Plaintiff's person.

35. There was no legal cause for Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie to use force against Plaintiff.

36. Defendant's Darling and Martin had the ability and opportunity to stop Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie from using excessive force against Plaintiff but failed to do so.

37. By reason of these acts and/or omissions by Defendants Darling and Martin, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

38. The physical violence inflicted upon Plaintiff by Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth Amendment Rights. Therefore, Defendants Darling and Martin are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT V
**Plaintiff Against All Defendants**
**For The Supplemental Claim Of**
**MALICIOUS PROSECUTION**

39. Plaintiff incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

7

40. Defendants Torres, Moore, Galarza, Kwiatkowski, Gillespie, Martin, and Darling caused a criminal prosecution to commence and/or continue against Plaintiff.

41. Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie, police officers employed by the University of Chicago, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

42. Defendants Martin and Darling, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

43. Defendants Torres, Moore, Galarza, Kwiatkowski, Gillespie, Martin, and Darling initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or by preparing false witness statements.

44. The criminal proceedings were terminated in Plaintiff's favor on or about January 27, 2009.

45. The University of Chicago is liable to Plaintiff of the acts of Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie pursuant to the doctrine of *respondeat superior*.

46. Therefore, Defendants Torres, Moore, Galarza, Kwiatkowski, Gillespie, and the University of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

47.     The City of Chicago is liable to Plaintiff for the acts of Defendants Martin and Darling pursuant to the doctrine of *respondeat superior*.

48.     Therefore, Defendants Martin, Darling, and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

## COUNT VI
### Plaintiff Against Defendants Torres, Moore, Galarza, Kwiatkowski, Gillespie, and the University of Chicago For The Supplemental Claim Of BATTERY

49.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully alleged at this place.

50.     Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie, without any legal cause, used force against Plaintiff's person.

51.     The use of force by Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie against Plaintiff's person constituted a battery to Plaintiff.

52.     As a result of the battery, Plaintiff was injured physically, emotionally, and otherwise.

53.     The University of Chicago is liable to Plaintiff for the acts of Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie pursuant to the doctrine of *respondeat superior*.

54.     Therefore, Defendants, Torres, Moore, Galarza, Kwiatkowski, Gillespie, and the University of Chicago are liable under the supplemental state law claim of Battery.

WHEREFORE, the Plaintiff, Charles Boyle, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1.     That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Meghan A. Gonnissen
Meghan A. Gonnissen
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
mgonnissen@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/ Meghan A. Gonnissen
Meghan A. Gonnissen
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
mgonnissen@efox-law.com