IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES BOYLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 09 CV 1080 |
| ) | |
| University of Chicago Police Officer ) | JUDGE BUCKLO |
| LARRY TORRES, Star # 1028, ) | MAGISTRATE JUDGE DENLOW |
| University of Chicago Police Officer ) | |
| CLARENCE E. MOORE, Star #1012, ) | |
| University of Chicago Police Officer ) | |
| GALARZA, University of Chicago Police ) | |
| Officer KWIATKOWSKI, University of ) | |
| Chicago Police Officer GILLESPIE, ) | |
| UNIVERSITY OF CHICAGO, Chicago ) | |
| Police Officer V. DARLING, Star #19135, ) | |
| Chicago Police Officer C. E. MARTIN, ) | |
| Star #17246, and the CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Chicago Police Officers V. Darling and C.E. Martin, by their attorney, Helen C. Gibbons, Assistant Corporation Counsel, and Defendant City of Chicago, by Mara S. Georges, Corporation Counsel, for their answer, defenses, and jury demand to Plaintiff's Complaint, states as follows:

### JURISDICTION AND VENUE

1.  This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

**ANSWER:** Defendants admit that Plaintiff purports to bring this case under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983) and that this court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and

1

1367. Defendants deny that they deprived Plaintiff of his rights under the constitution, or federal or state law.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Defendants admit that venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district. Defendants deny that they deprived Plaintiff of his rights under the constitution, or federal or state law.

## PARTIES

3. At all times herein mentioned, Plaintiff, Charles Boyle, was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER:** Defendants, upon information and belief, admit the allegations in this paragraph.

4. At all times herein mentioned, Defendant University of Chicago Police Officer Larry Torres, Star No. 1028, ("Torres"), was employed by the University of Chicago, and was acting under color of state law and as the employee, agent, or representative of the University of Chicago. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. At all times herein mentioned, Defendant University of Chicago Police Officer Clarence E. Moore, Star No. 1012 ("Moore"), was employed by the University of Chicago, and was acting under color of state law and as the employee, agent, or representative of the University of Chicago. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. At all times herein mentioned, Defendant University of Chicago Police Officer Galaraza ("Galarza"), was employed by the University of Chicago, and was acting under color of state law and as the employee, agent, or representative of the University of Chicago. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. At all times herein mentioned, Defendant University of Chicago Police Officer Kwaitkowski ("Kwaitkowski"), was employed by the University of Chicago, and was acting under color of state law and as the employee, agent, or representative of the University of Chicago. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. At all times herein mentioned, Defendant University of Chicago Police Officer Gillespie ("Gillespie"), was employed by the University of Chicago, and was acting under color of state law and as the employee, agent, or representative of the University of Chicago. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. At all times herein mentioned, the University of Chicago was a private educational institution that maintained, managed, and/or operated the University of Chicago Police Department. At all relevant times, the State of Illinois delegated the public functions traditionally performed exclusively by municipal police officers and county sheriffs, state actors, to the University of Chicago.

**ANSWER:** Defendants admit that the University of Chicago is a private educational institution. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

10. At all times herein mentioned, Defendant Chicago Police Officer V. Darling, Star No. 19135 ("Darling"), was employed by the City of Chicago, and was acting under

color of state law and as the employee, agent, or representative of the City of Chicago. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit the allegations contained in this paragraph, but deny any wrongdoing.

11. At all times herein mentioned, Defendant Chicago Police Officer C. E. Martin, Star No. 17246 ("Martin"), was employed by the City of Chicago, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendants admit the allegations contained in this paragraph, but deny any wrongdoing.

12. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

**ANSWER:** Defendants admit that the City of Chicago is a municipal corporation located in the State of Illinois, existing under the laws of the State of Illinois. Defendants further admit the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

13. On or about October 18, 2008, Plaintiff was lawfully in a public place, in the City of Chicago, Cook County, State of Illinois.

**ANSWER:** Defendants admit that on or about October 18, 2008 Plaintiff was in the City of Chicago, Cook County, State of Illinois. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

14. On that day and place Defendants Torres, Moore, Galarza, Kwiatkowski, Gillespie, Darling, and Martin seized Plaintiff.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. Plaintiff did not consent to being seized.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. There was no outstanding arrest warrant for Plaintiff.

**ANSWER:** Defendants admit the allegations in this paragraph.

11. There was no legal cause to seize Plaintiff.

**ANSWER:** Defendants deny the allegations in this paragraph as they pertain to themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to the remaining defendants.

12. During the course of seizing Plaintiff Defendants Torres, Moore Galarza, Kwiatkowski, and Gillespie used force against Plaintiff.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. There was no legal cause for Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie to use force against Plaintiff.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. Defendants Darling and Martin witnessed Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie use force against Plaintiff.

**ANSWER:** Defendants deny the allegations in this paragraph.

15. Defendants Darling and Martin had the ability and opportunity to stop Defendants Torres, Martin, Galarza, Kwiatkowski, and Gillespie but failed to take any action to protect Plaintiff from the force used by Defendants Torres, Moore, Galarza, Kwaitkowski, and Gillespie.

**ANSWER:** Defendants deny the allegations in this paragraph.

16. Plaintiff was then transported to the 21st District Police Station where he was imprisoned.

**ANSWER:** Defendants admit the allegations in this paragraph.

17. On or about October 18, 2008, the individual Defendants caused false criminal charges to be brought against Plaintiff for resisting or obstructing a peace officer.

**ANSWER:** Defendants deny the allegations in this paragraph.

18. On or about January 27, 2009, the charges terminated in Plaintiff's favor.

**ANSWER:** Defendants admit that on January 27, 2009 the charges against Plaintiff were nolle prosequied.

19. By reason of the above-described acts and omissions of Defendants, plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Defendants deny the allegations in this paragraph as they pertain to themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to the remaining defendants.

21. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Defendants deny the allegations in this paragraph as they pertain to themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to the remaining defendants.

**COUNT I**
**Plaintiff Against Defendants Torres, Moore, Galarza, Kwaitkowski, and Gillespie for**
**UNREASONABLE SEIZURE**

22. Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

**ANSWER:** Defendants hereby incorporate and realleges Paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

23. By reason of the conduct by Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated Plaintiff's rights in the following manner: the seizure of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations in this paragraph as they pertain to themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to the remaining defendants.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit, and any other relief this Honorable Court deems necessary and proper.

## COUNT II
### Plaintiff Against Defendants Darling and Martin for
### UNREASONABLE SEIZURE

25. Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-one (21) hereat as though fully set forth in this place.

**ANSWER:** Defendants hereby incorporate and reallege Paragraphs one (1) through twenty-one (21) hereat as though fully set forth in this place.

26. By reason of the conduct by Defendants Darling and Martin, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and Laws enacted thereunder.

**ANSWER:** Defendants deny the allegations in this paragraph.

27. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated Plaintiff's rights in the following manner: the seizure of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations in this paragraph.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit, and any other relief this Honorable Court deems necessary and proper.

### COUNT III
### Plaintiff Against Defendants Torres, Moore, Galarza, Kwiatkowski, an Gillespie for
### EXCESSIVE FORCE

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

**ANSWER:** Defendants hereby incorporate and reallege Paragraphs one (1) through twenty-one (21) hereat as though fully set forth in this place.

29. During and immediately after Plaintiff's seizure, Defendants used excessive force against Plaintiff's person.

**ANSWER:** Defendants deny the allegations in this paragraph as they pertain to themselves. Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in this paragraph as they pertain to the remaining defendants.

30. There was no legal cause for Defendants to use force against plaintiff.

**ANSWER:** Defendants deny the allegations in this paragraph as they pertain to themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to the remaining defendants.

31. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants deny the allegations in this paragraph as they pertain to themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to the remaining defendants.

32. The physical violence inflicted upon Plaintiff by Defendants was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's fourth and/or Fourteenth Amendment Rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations in this paragraph as they pertain to themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to the remaining defendants.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit, and any other relief this Honorable Court deems necessary and proper.

## COUNT IV
### Plaintiff Against Defendants Darling and Martin for
### FAILURE TO PROTECT

33. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

**ANSWER:** Defendants hereby incorporate and reallege Paragraphs one (1) through twenty-one (21) hereat as though fully set forth in this place.

34. Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie used excessive force against Plaintiff's person.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

35. There was no legal cause for Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie to use force against Plaintiff.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36. Defendant's Darling and Martin had the ability and opportunity to stop Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie from using excessive force against Plaintiff but failed to do so.

**ANSWER:** Defendants deny the allegations in this paragraph.

37. By reason of these acts and/or omissions by Defendants Darling and Martin, Plaintiff was deprived of rights, privileges and immunities secured to him by the fourth

11

and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants deny the allegations in this paragraph.

38. The physical violence inflicted upon Plaintiff by Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth Amendment Rights. Therefore, Defendants Darling and Martin are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations in this paragraph as they pertain to themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to the remaining defendants.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit, and any other relief this Honorable Court deems necessary and proper.

**COUNT V**
**Plaintiff Against all Defendants**
**For the Supplemental Claim Of**
**MALICIOUS PROSECUTION**

39. Plaintiff incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

**ANSWER:** Defendants hereby incorporate and reallege Paragraphs one (1) through twenty-one (21) hereat as though fully set forth in this place.

40. Defendants Torres, Moore, Galarza, Kwiatkowski, Gillespie, Martin, and Darling caused a criminal prosecution to commence and/or continue against Plaintiff.

**ANSWER:** Defendants deny the allegations in this paragraph as they pertain to themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to the remaining defendants.

41. Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie, police officers employed by the University of Chicago, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42. Defendants Martin and Darling, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER:** Defendants deny the allegations in this paragraph.

43. Defendants Torres, Moore, Galarza, Kwiatkowski, Gillespie, Martin, and Darling initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or by preparing false witness statements.

**ANSWER:** Defendants deny the allegations in this paragraph as they pertain to themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to the remaining defendants.

44. The criminal proceedings were terminated in Plaintiff's favor on or about January 27, 2009.

**ANSWER:** Defendants admit the allegations in this paragraph.

45. The University of Chicago is liable to Plaintiff of the acts of Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie pursuant to the doctrine of *respondeat superior*.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

46. Therefore, Defendants Torres, Moore, Galarza, Kwiatkowski, Gillespie, and the University of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

47. The City of Chicago is liable to Plaintiff for the acts of Defendants Martin and Darling pursuant to the doctrine of *respondeat superior*.

**ANSWER:** Defendants state that this is an incomplete and/or inaccurate statement of the City's liability and therefore the allegations in this paragraph are denied.

48. Therefore, Defendants Martin, Darling, and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

**ANSWER:** Defendants state that this is an incomplete and/or inaccurate statement of their liability and therefore the allegations in this paragraph are denied.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit, and any other relief this Honorable Court deems necessary and proper.

## COUNT VI
## Plaintiff Against Defendants Torres, Moore, Galarza, Kwiatkowski, Gillespie, and the University of Chicago
## For the Supplemental Claim of BATTERY

49. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully alleged at this place.

**ANSWER:** Defendants hereby incorporate and reallege Paragraphs one (1) through twenty-one (21) hereat as though fully set forth in this place.

50. Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie, without any legal cause, used force against Plaintiff's person.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

51. The use of force by Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie against Plaintiff's person constituted a battery to Plaintiff.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

52. As a result of the battery, Plaintiff was injured physically, emotionally, and otherwise.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

53. The University of Chicago is liable to Plaintiff for the acts of Defendants Torres, Moore, Galarza, Kwiatkowski, and Gillespie pursuant to the doctrine of *respondeat superior*.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

54. Therefore, Defendants, Torres, Moore, Galarza, Kwiatkowski, Gillespie, and the University of Chicago are liable under the supplemental state law claim of Battery.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit, and any other relief this Honorable Court deems necessary and proper.

### Jury Demand

Defendants request a trial by jury.

### AFFIRMATIVE DEFENSES

1. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2002).

2. Defendants are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2002).

3. To the extent that plaintiff failed to mitigate his damages, any verdict or judgment awarded to plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

4. To the extent any injuries or damages claimed by plaintiff were proximately

caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case. In addition, at the time of the actions alleged in plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (2002) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

5. Defendants are entitled to qualified immunity. They are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged above, a reasonable police officer, objectively viewing the facts and circumstances that confronted these defendants, could have believed their actions to be lawful, in light of clearly established law and the information the defendants possessed.

6. Under the Tort Immunity Act, the defendants are not liable for injuries arising out of the exercise of discretionary acts. 745 ICS10/2-201 (2002).

7. Under the Tort Immunity Act, defendants are not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 754 ILCS 10/2-208 (2002).

8. Defendants are not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by his/her failure to enforce any law. 746 ILCS 10/2-205 (2002).

9. Defendants are not liable for any of plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an

injury caused by entry upon any property where such entry is expressly or impliedly authorized by law. 745 ILCS 10/2-209 (2002).

Respectfully submitted,

/s/ Helen C. Gibbons
Helen C. Gibbons
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3982
(312) 744-6566 (FAX)
ATTY. NO. 6292881

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing to be served upon all parties of record electronic filing on this 27th day of April, 2009.

/s/ Helen C. Gibbons
Helen C. Gibbons
Assistant Corporation Counsel