**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES BOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 09 CV 1080 |
| | ) | |
| University of Chicago Police Officer | ) | JUDGE BUCKLO |
| LARRY TORRES, Star # 1028, | ) | MAGISTRATE JUDGE DENLOW |
| University of Chicago Police Officer | ) | |
| CLARENCE E. MOORE, Star #1012, | ) | |
| University of Chicago Police Officer | ) | |
| GALARZA, University of Chicago Police | ) | |
| Officer KWIATKOWSKI, University of | ) | |
| Chicago Police Officer GILLESPIE, | ) | |
| UNIVERSITY OF CHICAGO, Chicago | ) | |
| Police Officer V. DARLING, Star #19135, | ) | |
| Chicago Police Officer C. E. MARTIN, | ) | |
| Star #17246, and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**CITY DEFENDANTS' LOCAL RULE 56.1(a)(3)
STATEMENT OF UNDISOUTED FACTS**

City Defendants, City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, and Chicago Police Officers Vincent Darling and Carl Martin (collectively "Chicago Officers"), by their attorney Helen Gibbons, Assistant Corporation Counsels of the City of Chicago, hereby submit their 56.1(a)(3) Statement of Undisputed Material Facts In Support of Their Motion For Summary Judgment:

1. Plaintiff, Charles Boyle, is a Chicago Resident. Exhibit ("Exh.") A (Complaint), ¶ 3.

2. Chicago Officers are Chicago Residents. Exh. A (Complaint), ¶¶ 10.

3. Defendant City of Chicago is a municipal corporation within the State of Illinois and, at the time alleged in Plaintiff's Complaint, employed the Chicago Officers. Exh. A (Complaint), ¶¶ 10-12.

## JURISDICITON AND VENUE

4. This Court has jurisdiction under 42 U.S.C. §1983. Exh. A (Complaint), ¶ 1.

5. Venue is proper in the Northern District of Illinois, Eastern Division. Exh. A (Complaint), ¶ 2.

## FACTS

6. On or about October 18, 2008, Plaintiff Charles Boyle, and three friends, Kenneth Roberson, Ashley Glover, and Steven Sinclair were driving in a car after hanging out at a local bar. Exh. B (Charles Boyle Deposition) at p. 29, 38, 46, 123; Exh. C (Kenneth Roberson Deposition) at p. 19. Exh. D (Ashley Glover Deposition) at p. 44-45.

7. The car, owned by Ashley Glover, and driven by Steven Sinclair, had a mechanical problem which caused the car's horn sound off occasionally. The horn would sound in an uninterrupted manner. Exh. B (Charles Boyle Deposition) at p. 29, 38, 46, 123; Exh. C (Kenneth Roberson Deposition) at p 20, 28; Exh. D (Ashley Glover Deposition) at p. 28-30, 44-45.

8. Plaintiff and his friends went to 53rd Street and Blackstone Avenue so Steven and Kenneth could use a nearby ATM, shortly before pulling over, the car's horn went off in an uninterrupted manner and continued sounding until right around the time they pulled over. Exh. B (Charles Boyle Deposition) at p. 35, 38; Exh. C (Kenneth Roberson Deposition) at p. 23-24, 28, 33-34. Exh.D(Ashley Glover Deposition) at p. 41-42, 51; Exh. E (Clarence Moore Deposition) at p. 29-31, 37-38

9. Steven stopped the car on the south west corner of the intersection of 53rd Street and Blackstone Avenue, facing east bound, approximately two car lengths from the intersection. Exh. B (Charles Boyle Deposition) at p. 50-51; Exh. C (Kenneth Roberson Deposition) at p. 29, 31-33; Exh. E (Clarence Moore Deposition) at p. 37-40

10. Steven and Kenneth went to the ATM while Plaintiff and Ashley stayed in the vehicle. Exh. B (Charles Boyle Deposition) at p. 51; Exh. C (Kenneth Roberson Deposition) at p. 34-35; Exh. D (Ashley Glover Deposition) at p. 54-55; Exh. E (Clarence Moore Deposition) at p.40, 42, 44-45.

11. Plaintiff exited the vehicle to check under the hood in an attempt to fix the horn problem. Exh. B (Charles Boyle Deposition) at p. 52; Exh. C (Kenneth Roberson Deposition) at p 39-40; Exh. D (Ashley Glover Deposition) at p. 56-58; Exh. E (Clarence Moore Deposition) at p. 44-47.

12. Shortly thereafter, University of Chicago Police approached Plaintiff and a struggle between Plaintiff and the University of Chicago Police Officers ensued for a brief period of time. Exh. B (Charles Boyle Deposition) at p. 52-56, 59-60, 62-63, 72; Exh. D (Ashley Glover Deposition) at p. 58-59, 79-81; Exh. E (Clarence Moore Deposition) at p. 49-52; Exh. F (Larry Torres Deposition) at p. 24-25, 51-56.

13. At some point during the physical altercation between Plaintiff and the University of Chicago Police Officers, one of the University of Chicago Police Officers called for back-up and several units from the University of Chicago Police as well as the Chicago Police responded to provide assistance. Exh. B (Charles Boyle Deposition) at p. 76-77; Exh. C (Kenneth Roberson Deposition) at p. 44, 47, 50, 82; Exh. D (Ashley Glover Deposition) at p. 152-54; Exh. E (Clarence Moore Deposition) at p. 71-74, 80; Exh. F (Larry

Torres Deposition) at p. 60, 64, 66; Exh. G (Vincent Darling Deposition) at p. 14-16; Exh. H (Carl Martin Deposition) at p. 10-11; Exh. I (Oscar Galarza Deposition) at p. 12, 14; Exh. J (Arthur Gillespie Deposition) at p. 14-16; Exh. K (Michael Kwiatkowski Deposition) at p. 15-17.

14. Plaintiff was on the ground, handcuffed, and then lifted up off the ground and "slammed" against a car before he saw what he thought were City of Chicago Officers. Exh. B (Charles Boyle Deposition) at p.84-87, 112-14; Exh. D (Ashley Glover Deposition) at p. 126; Exh. E (Clarence Moore Deposition) at p.77-79, 80.

15. The first time Plaintiff saw what he assumed were City of Chicago Police Officers, they were standing near a City of Chicago Police car, but only was certain that the Chicago Police were present after he was put in the Chicago Police squad car. Exh. B (Charles Boyle Deposition) at p. 112.

16. The earliest anyone recalls seeing a City of Chicago Officer, not necessarily the Officers Darling and Martin, on scene was towards the very end of the physical altercation after Plaintiff was in handcuffs. Exh. B (Charles Boyle Deposition) at p. 112, 121; Exh. C (Kenneth Roberson Deposition) at p. 55-56, 61-62, 82-83; Exh. D (Ashley Glover Deposition) at p. 154; Exh. E (Clarence Moore Deposition) at p. 114; Exh. F (Larry Torres Deposition) at p. 52; Exh. K (Michael Kwiatkowski Deposition) at p. 28, 43.

17. Defendant Officer Darling and Martin were the third Chicago Police Unit to arrive on scene and had no information regarding the specifics of Plaintiff's interaction with the University of Chicago Police, and saw no use of force by the University of Chicago Officers. Exh. C (Kenneth Roberson Deposition) at p. 82; Exh. G (Vincent Darling

Deposition) at p. 16, 17, 45; Exh. H (Carl Martin Deposition) at p. 10-14, 40, 48; Exh.K (Michael Kwiatkowski Depostion) at p. 43.

18. Plaintiff and his friends cannot recall specifically who these first Chicago Police Officers were; they cannot describe their approximate height or weight, and they are unsure of their race, except that one was possibly African American. Exh. B (Charles Boyle Deposition) at p. 118-119; Exh. C (Kenneth Roberson Deposition) at p. 83; Exh. D (Ashley Glover Deposition) at p. 159.

19. Officer Darling is 5'10, 215 lbs, is African American with a medium complexion and had a moustache; Officer Martin is approximately 5' 10", 235 lbs, is African American with a dark complexion and a moustache; Officer Mark Jones who was first on the scene is 5'9", 160 lbs, is African American with a medium complexion and no facial hair; Sgt. Witczak is approximately 5' 10", 175 lbs, has no facial hair and is Caucasian. Exh. L (Affidavit of Vincent Darling).

20. Plaintiff is just slightly taller than 5'11" tall and about 235 lbs and played football at the University of Illinois. Exh. B (Charles Boyle Deposition) at p. 8-10.

21. Officers Darling and Martin arrived on scene and saw two other City of Chicago squad cars in addition to theirs, and maybe three to four University of Chicago squad cars. Officers Darling and Martin saw Plaintiff in handcuffs. Exh. E (Clarence Moore Deposition) at p. 71-74, 80; Exh. F (Larry Torres Deposition) at p. 52; Exh. G (Vincent Darling Deposition) at p. 17-18; Exh. H (Carl Martin Deposition) at p. 10-14.

22. Upon arriving at the scene Officers Darling observed one University of Chicago Officer with Plaintiff and learned that Plaintiff had resisted arrest and that the

University of Chicago Officers wanted to sign complaints. Exh. G (Vincent Darling Deposition) at p. 14-16.

23. At that same time, Officer Martin spoke to their supervisor who told him they would be the transport vehicle because the other City of Chicago Officer on scene was working alone and it is procedure to transport prisoners in a two-man car. Exh. H (Carl Martin Deposition) at p. 15.

24. The University of Chicago Officers walked Plaintiff to Officers Darling and Martin's squad car, placed him inside, and Officers Darling and Martin transported Plaintiff to the police station, processed the arrest paper work for Plaintiff, which included preparing the complaints with the help of the complaining witness University of Chicago Police Officer Moore. Exh. B (Charles Boyle Deposition) at p. 87, 90; Exh. E (Clarence Moore Deposition) at p. 103-05; Exh. G (Vincent Darling Deposition) at p. 24, 28-33; Exh. H (Carl Martin Deposition) at p. 16-17, 22; Exh M (Arrest Report and Complaints).

25. After processing Plaintiff, Officers Darling and Martin had no further role in Plaintiff's criminal case and did not testify in the criminal case. Exh. H (Carl Martin Deposition) at p. 45; Exh. N (Vincent Darling and Carl Martin Answer's to interrogatories) at ¶ 15.

26. Plaintiff's criminal case was dismissed based on his motion to motion suppress his arrest, after the complaints were amended by the State's Attorney. Exh O (People v. Charles Boyle, 08 MC 1277951) at p. 87-89; Exh. P (Certified Statement of Disposition).

                                                            BY:    /s/ Helen C. Gibbons
                                                                         HELEN C. GIBBONS
                                                                         Assistant Corporation Counsel

30 North LaSalle St., Suite 900
Chicago, Illinois 60602
(312) 744-3982 Phone
(312) 744-6566 Fax
Attorney No. 6292881

## CERTIFICATE OF SERVICE

      I hereby certify that I have caused true and correct copies of the above and foregoing to be served upon all parties of record pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 31st day of March, 2010.

                                                                  /s/ Helen C. Gibbons
                                                                  HELEN C. GIBBONS

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES BOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 09 CV 1080 |
| | ) | |
| University of Chicago Police Officer | ) | JUDGE BUCKLO |
| LARRY TORRES, Star # 1028, et al., | ) | MAGISTRATE JUDGE DENLOW |
| Defendants. | ) | |

**DEFENDANTS' APPENDIX OF EXHIBITS**

| **EXHIBIT** | **DESCRIPTION** |
|---|---|
| **A** | Answer |
| **B** | Charles Boyle Deposition |
| **C** | Kenneth Roberson Deposition |
| **D** | Ashley Glover Deposition |
| **E** | Clarence Moore Deposition |
| **F** | Larry Torres Deposition |
| **G** | Vincent Darling Deposition |
| **H** | Carl Martin Deposition |
| **I** | Oscar Galarza Deposition |
| **J** | Arthur Gillespie Deposition |
| **K** | Michael Kwiatkowski Deposition |
| **L** | Affidavit of Vincent Darling |
| **M** | Arrest Report and Complaints |
| **N** | Officer Darling and Martin's Answers and Objections to Plaintiff's Interrogatories |

9

| | |
|---|---|
| **O** | People v. Charles Boyle, 08 MC 1277951 |
| **P** | Certified Statement of Disposition |