# DEFENDANTS' EXHIBIT K

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

CHARLES BOYLE,                    )

          Plaintiff,        )

    -vs-                          ) No. 09 C 1080

UNIVERSITY OF CHICAGO             )

POLICE OFFICER LARRY              )

TORRES, et al.,                   )

          Defendants.       )

**COPY**

The deposition of MICHAEL KWIATKOWSKI, called for examination pursuant to the Rules of Civil Procedure for the United States District Courts pertaining to the taking of depositions, taken before ATHANASIA MOURGELAS, a notary public within and for the County of Cook and State of Illinois, at 222 North LaSalle Street, Suite 300, Illinois, on the 10th day of November, 2009, at the hour of 10:09 o'clock a.m.

Reported by:  Athanasia Mourgelas

License No. 084-004329

1

```
 1    APPEARANCES:

 2        ED FOX & ASSOCIATES, by

 3        MR. JONATHAN R. KSIAZEK,

 4        300 West Adams Street, Suite 330,

 5        Chicago, Illinois  60606,

 6        (312) 345-8877,

 7            Representing the Plaintiff;

 8

 9        HINSHAW & CULBERTSON, by

10        MR. STEVE M. PUISZIS,

11        222 North LaSalle Street, Suite 300,

12        Chicago, Illinois  60601,

13        (312) 704-3000,

14            Representing the Defendant,

15            University of Chicago Police

16            Officers;

17

18        ASSISTANT CORPORATION COUNSEL, by

19        MS. HELEN C. GIBBONS,

20        30 North LaSalle Street, Room 900,

21        Chicago, Illinois  60602,

22        (312) 744-3982,

23            Representing the Defendant,

24            City of Chicago.
```

2

```
1                    I N D E X

2    WITNESS                        EXAMINATION

3    MICHAEL KWIATKOWSKI

4       By Mr. Ksiazek                  6

5       By Ms. Gibbons                 42

6       By Mr. Puiszis                 44

7       BY MR. Ksiazek (further)       50

8

9

10

11

12               E X H I B I T S

13   NUMBER                      MARKED FOR ID

14   PLAINTIFF'S Deposition Exhibit

15     No. 10                         33

16

17

18

19

20

21

22

23

24
                                          3
```

1                    (Whereupon, the deposition

2                    began at 10:09 o'clock a.m.)

3                    (Witness sworn.)

4        MR. KSIAZEK:  Can you please state your name

5    spelling your last name for the record.

6        THE WITNESS:  Michael Kwiatkowski,

7    K-W-I-A-T-K-O-W-S-K-I.

8        MR. KSIAZEK:  Officer Kwiatkowski, is that

9    how you say it; right?

10       THE WITNESS:  Yes, sir.

11       MR. KSIAZEK:  Have you ever had your

12   deposition taken before?

13       THE WITNESS:  No.

14       MR. KSIAZEK:  So this is your first time

15   having your deposition taken of you?

16       THE WITNESS:  Yes.

17       MR. KSIAZEK:  I'm going to give you some

18   ground rules, basically explain what we're doing

19   here and what's going to happen.  First of all,

20   I'm just going to ask you some questions, and

21   ask that you answer them truthfully and to the

22   best of your knowledge.  Is that okay?

23       THE WITNESS:  Yes.

24       MR. KSIAZEK:  And when you're answering

                                                    4

1    miles or blocks it is?

2        A.    Approximately eight to nine blocks.

3        Q.    And what were you doing when you got

4    this dispatch?

5        A.    Patrol.

6        Q.    So you got this dispatch and you headed

7    towards 53rd Street?

8        A.    Yes.

9        Q.    Do you remember what route you took to

10   get to 53rd Street?

11       A.    I believe I went north on Blackstone.

12       Q.    And then you turned onto 53rd from

13   Blackstone?

14       A.    I would have turned westbound onto

15   53rd.

16       Q.    Okay.  As you turned westbound onto

17   53rd Street, what did you see?

18       A.    Could you be more specific with the

19   question?

20       Q.    I'm just asking you as you're turning

21   onto 53rd Street, what, if anything, did you see

22   on 53rd Street?

23       A.    I observed several University officers

24   that have responded to a call trying to place a

                                                    15

1    subject into custody.

2         Q.   Okay.  And at some point did you park

3    your vehicle?

4         A.   Yes.

5         Q.   And where did you park your vehicle?

6         A.   Approximately I was -- my vehicle was

7    -- it was west of 53rd Street -- it was west of

8    Blackstone on 53rd Street.

9         Q.   Do you know how far you traveled down

10   53rd Street before you parked your vehicle?

11        A.   I don't recall exactly.  It could have

12   been approximately a quarter of a block.  I

13   don't recall exactly.

14        Q.   Okay.  After you parked your vehicle,

15   what did you do?

16        A.   I exited my vehicle.

17        Q.   And as you exited your vehicle, what

18   did you see at that point?

19        A.   Several officers trying to place the

20   subject into custody.

21        Q.   Can you describe how the officers --

22   first of all, how many officers were there?

23        A.   I would say approximately five at that

24   point.

                                                   16

1    Q.    Do you know if they were all University

2    of Chicago officers or were there some Chicago

3    Police Officers there?

4    A.    They were all University of Chicago.

5    Q.    Did you recognize any of the officers

6    that were attempting to put the subject into

7    custody?

8    A.    Yes.

9    Q.    Who did you recognize?

10   A.    Officer Galarza, Torres, Gillespie,

11   Officer Moore, and there -- that's all I could

12   recall.  There may have been a few more.  That's

13   all I can recall.

14   Q.    Okay.  So how were Officers Galarza,

15   Torres, Gillespie and Moore attempting to place

16   the subject into custody?

17   A.    They were attempting to place him into

18   handcuffs.

19   Q.    Where was Officer Galarza in relation

20   to the subject?

21   A.    When I arrived, I believe Officer

22   Galarza was by the subject's arms.

23   Q.    And did you later learn that the

24   subject at the scene that night was Charles

17

1    for much longer.  I know the Chicago Police

2    Department did arrive on the scene, and I

3    believe the -- he was -- I'm not sure exactly if

4    he was turned over to them or what happened

5    next.

6        Q.    When did you first see the Chicago

7    Police Officers at the scene?

8        A.    Shortly after the subject was in

9    custody.

10       Q.    Was that when Mr. Boyle was still on

11   the ground or was that when he stood up?

12       A.    I do not recall.  I don't recall

13   exactly.

14       Q.    But you do remember Mr. Boyle being

15   given over to the Chicago Police Department?

16       A.    I'm not sure exactly who transported

17   Mr. Boyle in.  I wasn't there for that part of

18   the call so I don't want to go further into that

19   because I don't --

20       Q.    What did you do once Mr. Boyle was

21   stood up and given over to either the Chicago

22   Police Department officers or some other

23   officers?

24       A.    I cleared the scene of the call and

                                                    28

1    went back on patrol.

2        Q.    Do you know when you actually cleared

3    the scene?

4        A.    No.

5        Q.    Was it before or was it after Mr. Boyle

6    was taken away from the scene?

7        A.    I believe it was before.

8        Q.    Did you have any conversations when

9    Mr. Boyle was taken into custody with Officer

10   Moore at that point?

11       A.    No, not that I can recall.

12       Q.    Did you have any conversations with

13   Officer Torres once Mr. Boyle was taken into

14   custody?

15       A.    Not that I can recall.

16       Q.    Did you have any conversations with

17   Officer Galarza?

18       A.    Not that I can recall.

19       Q.    And did you have any with Officer

20   Gillespie?

21       A.    No.  I -- I may have spoken to him

22   regarding his glasses because after the call we

23   were looking for his glasses but that was the

24   extent if there was any conversation.

                                              29

1    Q.   Do you recall what you said to Officer

2  Gillespie or what he said to you?

3    A.   No.

4    Q.   Now, during this altercation when you

5  saw Mr. Boyle on the ground and were attempting

6  to assist placing him into handcuffs, at any

7  point did you strike Mr. Boyle?

8    A.   No.

9    Q.   Did Mr. Boyle strike you?

10    A.   No.

11    Q.   Did you have any conversations with any

12  Chicago Police Officers who were at the scene

13  that night?

14    A.   No.

15    Q.   Did you ever talk to any of the four

16  University of Chicago Police Officers that we

17  have spoken of, Torres, Moore, Gillespie or

18  Galarza about what happened that morning since

19  October 18th, 2008?

20    A.   Not specifically.  I may have asked

21  them if they were okay, but I don't recall any

22  specific.

23    Q.   Do you know when you asked them if they

24  were okay?

30

```
 1      A.   No, I don't recall.

 2      Q.   Do you know if that was the same day or

 3   you just don't recall?

 4      A.   I believe it was after the incident.

 5   Probably the days following.  I couldn't give

 6   you specifics.

 7      Q.   What did they say to you when you asked

 8   them if they were okay?

 9      A.   I don't recall the specifics of the

10   conversation.

11      Q.   Have you had any other involvement with

12   this case outside of what you've spoken about

13   today?

14      A.   There was one court appearance.

15      Q.   Do you recall when you appeared in

16   court?

17      A.   I believe it was in January of '09.

18      Q.   And why were you in court in January of

19   2009?

20      A.   I was subpoenaed for this case.

21      Q.   Did you end up testifying?

22      A.   No, I did not.

23      Q.   Did you ever -- on October 18th, 2008,

24   did you ever tell dispatch that you were on the
```

31

1    scene?

2        A.    Yes, I believe I did.  I may have let

3    dispatch know that I was, with the radio, on the

4    scene.

5        Q.    Did you ever tell dispatch everybody

6    take a slow down?

7        A.    I don't recall.

8        Q.    Do you recall what you did tell

9    dispatch that night?

10       A.    No.

11       Q.    When did you learn that the suspect on

12   the scene was Charles Boyle?

13       A.    I don't recall exactly.

14       Q.    Did you fill out any paperwork in

15   conjunction with this case?

16       A.    No.

17       Q.    You didn't fill out a police report?

18       A.    No, I did not.

19       Q.    And you didn't fill out an injury

20   report?

21       A.    No.

22       Q.    Did you fill out a court report for

23   your appearance on January 20th, 2009?

24       A.    I do not believe I filed a court

                                                    32

1    report.

2        MR. KSIAZEK:   I will mark this as Exhibit

3    No. 10.

4                        (Whereupon, PLAINTIFF'S

5                        Deposition Exhibit No. 10 was

6                        marked for identification.)

7    BY MR. KSIAZEK:

8        Q.   What I've handed you and what's been

9    marked as Plaintiff's Exhibit 10, these are your

10   Answers to Interrogatories that you prepared

11   with your counsel.

12            Do you recognize this document?

13       A.   Yes.

14       Q.   You've read through this document?

15       A.   Yes.

16       Q.   By the way, what documents did you read

17   through in preparation for your deposition

18   today?

19       A.   This is the only document, the

20   interrogatory.

21       Q.   Okay.  And if you look on the last

22   page, which has been marked at the bottom as

23   Page 10, that's your signature on the last page?

24       A.   Yes.

                                              33

1    Q.    If you look on Page 3, under answer --

2    there's an answer to question two, which is on

3    the previous page, which is Page 2, please

4    identify all persons including but not limited

5    to police officers who witnessed or have

6    knowledge of the incident alleged in the

7    plaintiff's complaint.  And if you turn back to

8    Page 3, in the second paragraph, which is in the

9    middle of the page --

10    A.    Uh-huh.

11    Q.    -- in the last sentence says Officer

12    Gerald Johnson and Lieutenant White were on the

13    scene at some point?

14    A.    Yes.

15    Q.    Did you ever see Officer Johnson or

16    Lieutenant White on the scene that night?

17    A.    Yes.

18    Q.    When did you see them on the scene?

19    A.    I don't recall the exact point.

20    Q.    Were they at the scene when you

21    arrived, when you first arrived?

22    A.    No.

23    Q.    And do you know if you saw them after

24    Mr. Boyle was placed into custody?

34

1      A.    Yes.

2      Q.    If you look above in the first

3   paragraph, the second to last sentence in the

4   answer it says, Officer Moore injured his left

5   wrist and Officer Galarza injured his shoulder

6   in the process.

7           Do you know how Officer Moore injured

8   his left wrist?

9      A.    No, I do not.  I don't know the

10  specifics.

11     Q.    Do you know how Officer Galarza injured

12  his shoulder?

13     A.    No.

14     Q.    And in the next sentence it states,

15  Officer Gillespie was kicked in the head by the

16  plaintiff breaking his glasses.

17          And you stated previously you didn't

18  see Officer Gillespie get kicked in the head?

19     A.    He stated that he was -- that's why we

20  were looking for his glasses.

21     Q.    Sure.  But you never saw Officer

22  Gillespie get kicked in the head; right?

23     A.    No, I didn't actually see that.  No.

24     Q.    Did you have any conversations with

35

1    Officer Moore or Officer Torres about them

2    hearing a horn on October 18th, 2008 in relation

3    to the Chrysler?

4        A.    No.  Not other than after the report,

5    after the incident.

6        Q.    Okay.  Did you read the police report

7    after the incident?

8        A.    Yeah, I believe I did review it for --

9    I saw a copy of it before we went to court.

10       Q.    Was that the only time that you read

11   the police report?

12       A.    That I can recall.

13       Q.    So was that the first time that you

14   learned about the suspicious vehicle on October

15   18th, 2008?

16       A.    I don't recall exactly what the

17   original dispatch was.

18       Q.    Well, you said the dispatch was a 10-1?

19       A.    No.  But what I'm saying if there was

20   radio traffic leading up to that point.  I don't

21   recall.  I was responding to the 10-1.

22       Q.    Well, when you arrived at the scene on

23   October 18th, 2008, did you -- what did you know

24   about what was taking place?

                                                    36

1      A.   Other than the fact that the 10-1 went

2   out, that's what I was responding to.  That's

3   all I can recall at this point.  I was

4   responding to the 10-1.

5      Q.   Did you know anything about a

6   suspicious vehicle when you arrived on the

7   scene?

8      A.   I don't recall.

9      Q.   Did you know if there was a suspect

10  that was resisting arrest when you arrived on

11  the scene?

12     A.   No.  I was responding to the call, the

13  10-1.  So I was responding to the officer's

14  request for assistance and that --

15     Q.   So is your testimony that the dispatch

16  didn't say anything about a suspicious vehicle?

17     A.   I don't recall exactly what was said

18  over dispatch.

19     Q.   Okay.  If you look on Page 6, and this

20  answer asks -- I'm sorry, this question asks for

21  your understanding of the policies and customs

22  that govern writing of any log report when an

23  individual is arrested and when the custody is

24  transferred to the City of Chicago Police

                                                    37

```
1    Department.
2            As a University of Chicago officer, you
3    can't arrest anyone; right?
4       A.    Correct.
5       Q.    Okay.  So basically what University of
6    Chicago officers do is you will detain a
7    suspect; right?
8       A.    Correct.
9       Q.    Then you will wait for the Chicago
10   Police Officers to arrive?
11      A.    Yes.
12      Q.    And the Chicago police officer will
13   actually arrest?
14      A.    Yes, they do the arrest report.
15      Q.    And the University of Chicago officers
16   they also write their own reports; right?
17      A.    Yes, they do an in-house report.
18      Q.    And they also patrol, the University of
19   Chicago officers also patrol certain areas?
20      A.    Yes, in our designated areas of patrol.
21      Q.    So if you look on Page 7 of this
22   document, under question 9, it states I was
23   working an investigation in plain clothes on
24   behalf of the University.  That's the second
```

38

1    sentence in answer to question 9.

2           What plain clothes were you wearing on

3    that night?

4      A.   I don't recall exactly what I was

5    wearing.

6      Q.   But you weren't wearing your uniform?

7      A.   Correct.

8      Q.   Did you have any identification on you

9    like a badge or a --

10      A.   Yes, I had -- I wore a badge holder.

11      Q.   And were you wearing that around your

12    neck?

13      A.   Yes.

14      Q.   Have you ever been disciplined during

15    your employment at the University of Chicago

16    Police Department?

17      A.   No.

18      Q.   Have you ever been written up while

19    working for the University of Chicago Police

20    Department?

21      MR. PUISZIS:  Objection.  What do you mean

22    by written up?

23    BY MR. KSIAZEK:

24      Q.   I mean, have you ever been -- I'm not

39

1    sure if there's anything -- if there's a

2    difference between write up or discipline, but

3    have you ever been written up for any reason?

4        A.   I have not been disciplined.

5        Q.   Okay.  Have you ever been -- have you

6    ever had any investigations or any complaints

7    against you?

8        A.   I was subject of an investigation.

9        Q.   What was -- when did this investigation

10   take place?

11   MR. PUISZIS:  Let me object because it's

12   irrelevant, but you can go ahead and answer the

13   question.

14   THE WITNESS:  I believe it was in July of

15   2008.

16   BY MR. KSIAZEK:

17       Q.   And what happened to cause this

18   investigation to take place?

19       A.   The University officers responded to a

20   call along with Chicago Police, and in the

21   Chicago Police report it stated that OC spray

22   was used by a University of Chicago police

23   officer.

24        So the responding University of Chicago

40

1    Police Officers had an investigation opened on

2    them by the Department to verify that this was

3    not the case.  We do not carry OC spray.  It's

4    not issued to us, and we're not authorized to

5    use it.  So it was unfounded.

6          Q.    Just what is OC spray?

7          A.    Oleoresin Capsicum.  It's similar to a

8    pepper spray.  We are not authorized to carry or

9    deploy it.

10         Q.    And you were working -- in July of

11   2008, you were working on this surveillance

12   unit?

13         A.    Yes.

14         Q.    That was Unit 152; right?

15         A.    Yes.

16         Q.    Have you ever been sued in your

17   capacity as University of Chicago police officer

18   before?

19         A.    No.

20         Q.    Outside of this lawsuit, obviously

21   outside of this lawsuit.

22               Did you have a computer in your vehicle

23   on October 18th, 2008?

24         A.    No.

                                                    41

1      Q.    So when you would get some information

2    -- or when you would request information about a

3    potential suspect, you would have to relay

4    information to dispatch; right?

5      A.    Yes.

6      Q.    And dispatch would tell you, for

7    instance, if you had a license plate number,

8    they would tell you who the owner of the car

9    was?

10     A.    Yes.

11     Q.    Is there anything else that you wish to

12   state or can think of in relation to this

13   incident on October 18th, 2008?

14     A.    No.

15     Q.    Are there any other conversations that

16   you had on October 18th, 2008 that we haven't

17   spoken about today with anyone?

18     A.    Not that I can recall.

19     MR. KSIAZEK:  I don't have any further

20   questions.

21     MS. GIBBONS:  I just have a few questions.

22                       EXAMINATION

23   BY MS. GIBBONS:

24     Q.    Hi, Officer, I'm Helen Gibbons.  I'm

                                                          42

1    one of the attorneys representing the City of

2    Chicago Police Officers.

3         I just want to step back to the

4    incident to understand who you saw there and

5    when you noticed CP on the scene.

6         So you said that you noticed the

7    Chicago Police Officers after the subject was in

8    custody?

9    A.   Yes, after the cuffs had been placed on

10   him.

11   Q.   Okay.  But you didn't recall if

12   Mr. Boyle was still on the ground or if he was

13   standing up?

14   A.   Correct.

15   Q.   Do you recall about how many Chicago

16   Police Officers were on the scene?

17   A.   I don't recall exactly.  I know it was

18   -- there was at least one patrol unit, and I

19   believe a sergeant responded.  I don't have the

20   specific beats or names.

21   Q.   Okay.  That was going to be my next

22   question.  You don't know any of the CP officers

23   or the sergeant?

24   A.   I don't recall.

43

1     MR. PUISZIS:  I don't have anything else.

2           FURTHER EXAMINATION

3  BY MR. KSIAZEK:

4     Q.   Okay.  Just where was your vehicle

5  parked in relation to you said the subject's

6  vehicle, the silver Chrysler?

7     A.   I don't recall the exact orientation

8  where they were.  I know my vehicle was facing

9  westbound.

10    Q.   Do you know how far apart from the

11  silver Chrysler your vehicle was parked?

12    A.   No, I do not recall.

13    MR. KSIAZEK:  Nothing further.

14    MR. PUISZIS:  No further questions.

15    MS. GIBBONS:  I have nothing further.

16    MR. KSIAZEK:  We'll reserve.

17            (Whereupon, the deposition

18            concluded at 11:16 o'clock

19            a.m.)

20

21        (FURTHER DEPONENT SAITH NAUGHT.)

22

23

24

50

1    STATE OF ILLINOIS          )

2                               )    SS:

3    COUNTY OF C O O K          )

4          I, ATHANASIA MOURGELAS, a notary public

5    within and for the County of Cook County and

6    State of Illinois, do hereby certify that

7    heretofore, to-wit, on the 10th day of November

8    2009, personally appeared before me, at 222

9    North LaSalle Street, Suite 300, Chicago,

10   Illinois, MICHAEL KWIATKOWSKI, in a cause now

11   pending and undetermined in the Circuit Court of

12   Cook County, Illinois, wherein CHARLES BOYLE, is

13   the Plaintiff, and UNIVERSITY OF CHICAGO POLICE

14   OFFICER, et al., are the Defendants.

15         I further certify that the said MICHAEL

16   KWIATKOWSKI was first duly sworn to testify the

17   truth, the whole truth and nothing but the truth

18   in the cause aforesaid; that the testimony then

19   given by said witness was reported

20   stenographically by me in the presence of the

21   said witness, and afterwards reduced to

22   typewriting by Computer-Aided Transcription, and

23   the foregoing is a true and correct transcript

24   of the testimony so given by said witness as

                                                    52

1    aforesaid.

2         I further certify that the signature to

3    the foregoing deposition was reserved by counsel

4    for the respective parties.

5         I further certify that the taking of this

6    deposition was pursuant to notice and that there

7    were present at the deposition the attorneys

8    hereinbefore mentioned.

9         I further certify that I am not counsel

10   for nor in any way related to the parties to

11   this suit, nor am I in any way interested in the

12   outcome thereof.

13        IN TESTIMONY WHEREOF:  I have hereunto

14   set my hand and affixed my notarial seal this

15   6th  day of January, 2010.

16

17

18

19

20   _____

21   NOTARY PUBLIC, COOK COUNTY, ILLINOIS

22        LIC. NO. 84-4329

23

24

                                                    53

# DEFENDANTS' EXHIBIT L

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES BOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  09 CV 1080 |
| | ) | |
| University of Chicago Police Officer | ) | JUDGE BUCKLO |
| LARRY TORRES, Star # 1028, | ) | MAGISTRATE JUDGE DENLOW |
| University of Chicago Police Officer | ) | |
| CLARENCE E. MOORE, Star #1012, | ) | |
| University of Chicago Police Officer | ) | |
| GALARZA, University of Chicago Police | ) | |
| Officer KWIATKOWSKI, University of | ) | |
| Chicago Police Officer GILLESPIE, | ) | |
| UNIVERSITY OF CHICAGO, Chicago | ) | |
| Police Officer V. DARLING, Star #19135, | ) | |
| Chicago Police Officer C. E. MARTIN, | ) | |
| Star #17246, and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

<u>AFFIDAVIT OF OFFICER DARLING</u>

I, Vincent Darling, being solemnly sworn on oath, do depose and state as follows:

1.      My name is Vincent Darling.

2.      On October 18, 2008 my height was: 5' 10", my weight was approximately 215 lbs.

3.      On October 18, 2008 I had a moustache.

4.      I am an African American with a medium complexion.

5.      My partner Carl Martin is approximately 5' 10" and he is weighs approximately 235 lbs.  On October 18, 2008 he also had a moustache.  He is an African American with a dark complexion.

6.      The other Chicago Officer on scene before we arrived was Officer Mark Jones.   Sgt. Witczak of the Chicago Police arrived at nearly the same time we did.  Officer Mark Jones is approximately 5' 9" and he weighs  approximately 160

lbs. On October 18, 2008 Officer Jones had no facial hair. He is an African American with a medium complexion. On October 18, 2008, Sgt. Witczak was approximately 5' 10" and weighed about 175 lbs. He had no facial hair. He is Caucasian.

Further affiant sayeth not.

_____
P.O. VINCENT DARLING

Signed and sworn before me on this
31st day of March, 2010

_____
Notary Public

Official Seal
Linda G Jenkins
Notary Public State of Illinois
My Commission Expires 06/23/2011

**<u>DEFENDANTS' EXHIBIT M</u>**

| CHICAGO POLICE DEPARTMENT | **FINAL APPROVAL** | CB #: 17392877 |
|---|---|---|

**ARREST REPORT**

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11, 420C(REV. 6/30)

IR #: 1958082
YD #:
RD #: HP634061
EVENT #: 0829202513

## ARREST REPORTING

**OFFENDER**

Name: **BOYLE, Charles D**
Res:
          Chicago, IL 60649

Beat: 331

Empl: Church
          Maintenance
DOB:
AGE: 21 years
POB: Illinois
SSN:
DLN:
ARMED WITH  Unarmed

Male
Black
5' 09"
197 lbs
Brown Eyes
Black Hair
Short Hair Style
Dark Complexion

Marks:   Tattoo Cloud on Upper Right Arm
              Tattoo Praying Hands on Upper Left Arm

**INCIDENT**

Arrest Date: 18 October  2008 02:56       TRR Completed?  No
     Location: 1435 E 53rd St                         Beat: 2132
                    Chicago, IL  60615
                    304 -  Street
     Holding Facility:  District 002 Male Lockup
     Resisted Arrest?   Yes

Total No Arrested:1       Co-Arrests       Assoc Cases

DCFS Ward ?  No

Dependent Children? No

**CHARGES**

1       Offense As Cited   **720 ILCS 5.0/31-1-A**
                                        RESIST/OBSTRUCT - PEACE OFFICER/ CORRECTIONAL EMP
                                        Class  A - Type  M
2       Offense As Cited   **720 ILCS 5.0/31-1-A**
                                        RESIST/OBSTRUCT - PEACE OFFICER/ CORRECTIONAL EMP
                                        Class  A - Type  M

**Victim**

**RECOVERED NARCOTICS**

**NO NARCOTICS RECOVERED**

IR #1958082

**WARRANT**

**NO WARRANT IDENTIFIED**

CB #17392877

Print Generated By: MAJKA, Marybeth ( PC0T733 )
                                          Page 1 of 5
                              powered by: CLEAR Technology
                                                                                    27 MAR 2009 10:03

Chicago Police Department - ARREST Report

CB #: 17392877

BOYLE, Charles

## ARREST REPORTING

**NON-OFFENDER(S)**

**ARRESTEE VEHICLE**

NO ARRESTEE VEHICLE INFORMATION ENTERED

**PROPERTIES**

Confiscated Properties :

All confiscated properties are recorded in the e-Track System. This system can be queried by the inventory number to retrieve all official court documents related to evidence and/or recovered properties.

PROPERTIES INFORMATION FOR     BOYLE, Charles,     NOT AVAILABLE IN THE AUTOMATED ARREST SYSTEM.

**INCIDENT NARRATIVE**

(The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following)

IN SUMMARY : A/O'S RESPONDED TO ASSIST UNIVERSITY OF CHICAGO POLICE, UPON ARRIVAL SPOKE WITH U OF C POLICE OFFICER MOORE, CLARENCE #1012, AND U OF C OFFICER TORRES, LARRY #1028, WHO RELATED TO A/O'S THAT THE ABOVE LISTED OFFENDER BOYLE, CHARLES D., REFUSED TO PRODUCE ID UPON AN INVESTIGATORY STREET STOP, AND DURING A PROTECTIVE PATDOWN OFFENDER BECAME COMBATIVE BY FLAILING HIS ARMS AND PULLING AWAY. OFFENDER TAKEN INTO CUSTODY ON SIGNED COMPLAINTS, READ RIGHTS PER MIRANDA AND TRANSPORTED TO 021 DISTRICT FOR FURTHER PROCESSING. OFC TORRES ADVISED OF COURT INFO.

**COURT INFO**

Desired Court Date:     04 December 2008
Branch: 34-2    155 W 51ST ST - Room
Court Sgt Handle?  Yes
Initial Court Date:  04 December 2008
Branch: 34-2    155 W 51ST ST - Room
Docket #:

**BOND INFO**

Bond Date: 18 October 2008 11:8
Type:    Recognizance
Receipt #:  I6770331
Amount:    $1,000.00

Print Generated By: MAJKA, Marybeth ( PC0T733 )

powered by CLEAR Technology

27 MAR 2009 10:03

**Chicago Police Department - ARREST Report**

CB #: 17392877

**BOYLE**, Charles

| ARREST REPORTING | | |
|---|---|---|

**ATTESTING OFFICER:**

I hereby declare and affirm, under penalty of perjury, that the facts stated herein are accurate to the best of my knowledge, information and/or belief.

| Attesting Officer: | #19135 | DARLING, V  (PC0R101) | 18 OCT 2008 04:39 |
|---|---|---|---|

**ARRESTING OFFICER(S):**

| | | | Beat |
|---|---|---|---|
| 1st Arresting Officer: | #19135 | DARLING, V  (PC0R101) | 2132 |
| 2nd Arresting Officer: | #17246 | MARTIN, C E (PC0S916) | 2132 |

**APPROVING SUPERVISOR:**

| Approval of Probable Cause : | #339 | STOPPA, K A (PC0F280) | 18 OCT 2008 04:40 |
|---|---|---|---|

*REPORTING PERSONNEL*

**Chicago Police Department - ARREST Report**

CB #: 17392877

BOYLE, Charles

## ARREST PROCESSING REPORT

| | |
|---|---|
| **Holding Facility:** District 002 Male Lockup | **Time Last Fed:** 18 October  2008 07:22 |
| **Received in Lockup:** 18 October  2008 07:21 | **Time Called:**                     **Phone#:** |
| **Prints Taken:**     18 October  2008 07:58 | **Cell #:** 2/3 |
| **Palmprints Taken:**   Yes | |
| **Photograph Taken:** 18 October  2008 07:57 | **Transport Details :** 2PO      2132      18-OCT-2008 03:00 |
| **Released from Lockup:** 18 October  2008 11:15 | |

### VISUAL CHECK OF ARRESTEE

| | |
|---|---|
| Is there obvious pain or injury? | No |
| Is there obvious signs of infection? | No |
| Under the influence of alcohol/drugs? | No |
| Signs of alcohol/drug withdrawal? | No |
| Appears to be despondent? | No |
| Appears to be irrational? | No |
| Carrying medication? | No |

### ARRESTEE QUESTIONNARIE

| | |
|---|---|
| Presently taking medication? | No |
| (if female)are you pregnant? | No |
| First time ever been arrested? | No |
| Attempted suicide/serious harm? | No |
| Serious medical or mental problems? | No |
| Are you receiving treatment? | No |

**RETURN TO HOLDING FACILITY COMMENTS:**

**QUESTIONNAIRE REMARKS:**

**LOCKUP KEEPER COMMENTS:**

**EMERGENCY CONTACT**

**Name :** SINCLAIR, Steven

**Res:** ▓▓▓▓▓▓▓▓▓▓▓                          **Beat:** 0414

▓▓▓▓▓▓▓▓▓▓49

*(margin label: LOCKUP KEEPER PROCESSING)*

*(margin label: INTERVIEW LOG)*

**NO INTERVIEWS LOGGED**

*(margin label: VISITOR LOG)*

**NO VISITORS LOGGED**

Chicago Police Department - ARREST Report

CB #: 17392877

BOYLE, Charles

## ARREST PROCESSING REPORT

**MOVEMENT LOG**

MOVEMENT LOG INFORMATION NOT AVAILABLE

**WC COMMENTS**

Watch Commander Comments:

**REL w/o CHARGING**

DOES NOT APPLY TO THIS ARREST

### ARRESTEE PROCESSING PERSONNEL:

| | | | Beat |
|---|---|---|---|
| Searched By: | #4299 | DRIVER, F T (PC0E416) | |
| Lockup Keeper: | #9865 | LAMAR, W L (PC0L482) | |
| Assisting Arresting Officer: | #1012 | MOORE, C | |
| Assisting Arresting Officer: | #1028 | TORRES, L | |
| Fingerprinted By: | #9865 | LAMAR, W L (PC0L482) | |

### APPROVAL PERSONNEL:

| | | | | Beat |
|---|---|---|---|---|
| Final Approval of Charges : | #55 | FLUDER, J A(PC02957) | 18 OCT 2008 11:04 | |

powered by: CLEAR Technology

EXHIBIT
Plaintiff's
11
0091MFFb

(Agency #)

0655, CCMC-0222 & CCMC-0225)      CCCR N654-100M-10/10/06

## THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

of Illinois,

                                        Plaintiff
                                                        }      No. _____

v.

____, CHARLES D.

                                        Defendant

MOORE, CLARENCE E.
(Complainant's Name Printed or Typed)                , complainant, now appears before

the Circuit Court of Cook County and states the following:

That: BOYLE, CHARLES of 6733 SOUTH CHAPPEL has, on or about
      (Defendant)                    (Address)

18 OCT 08 , at the location of 1435 EAST 53RD ST, Chicago, Cook Cty, IL.
  (Date)                          (Place of Offense)

committed the offense(s) of RESISTING OR OBSTRUCTING A PEACE OFFICER

in that s/he KNOWINGLY RESISTED THE PERFORMANCE OF PO Moore OF AN AUTHORIZED
ACT WITHIN HIS OFFICIAL CAPACITY TO BE A PEACE OFFICER ENGAGED IN THE
EXECUTION OF HIS DUTIES, IN THAT HE RESISTED AN INVESTIGATORY STOP
+ FAILING TO PRODUCE I.D. AND BECAME COMBATIVE BY Flailing his arms

in violation of 720              Illinois Compiled Statutes 5           31-1
                (Chapter)                                    (Act)      (Sub Section)

AOIC Code [ ][ ][ ][ ][ ][ ]

                              X P.O. Clarence E. Moore
                                    (Complainant's Signature)

                              _____
                                    (Complainant's Address)

                              _____
                                    (Complainant's Telephone)

STATE OF ILLINOIS }
COOK COUNTY      } ss:         X P.O. Clarence E. Moore
                                    (Complainant's Name Printed or Typed)

The complainant, being first duly sworn on oath, deposes and says that s/he read the foregoing complaint by him/her subscribed and that the
same is true.

                              X P.O. Clarence E. Moore
                                    (Complainant's Signature)

Subscribed and sworn to before me on this 18 day of OCTOBER , 2008

C. Martin                                 # 17246
(Judge's/Clerk's/Law Enforcement Officer's Signature)    (Law Enforcement Officer's Badge No.)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is
probable cause for filing same. Leave is given to file said complaint.

SUMMONS ISSUED,      Judge _____
   or

WARRANT ISSUED,      Bail set at: _____         Judge's No.
   or

BAIL SET AT: _____    Judge _____   000015    Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
ORIGINAL - COURT FILE

EXHIBIT B

34-2    4 DEC / 0900    CPD / Cook
(Court Branch #    (Court Date/Time)    (Arresting Agency #)
or District #)

Misdemeanor Complaint    (This form replaces CCG-0655, CCMC-0222 & CCMC-0225)    CCCR N654-100M-10/10/06

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois,

Plaintiff

v.                                            No. _____

BOYLE, CHARLES D.

Defendant

MOORE, CLARENCE E.
(Complainant's Name Printed or Typed)
, complainant, now appears before
the Circuit Court of Cook County and states the following:

That: BOYLE, CHARLES (Defendant) of 6733 SOUTH CHAPPEL (Address) has, on or about
18 OCT 08 (Date), at the location of 1435 EAST 53RD ST Chicago, Cook County,
(Place of Offense)
committed the offense(s) of RESISTING OR OBSTRUCTING A PEACE OFFICER
in that he KNOWINGLY RESISTED THE PERFORMANCE OF PO Moore OF AN AUTHORIZ
ACT WITHIN HIS OFFICIAL CAPACITY TO BE A PEACE OFFICER ENGAGED IN THE
EXECUTION OF HIS DUTIES, IN THAT HE RESISTED AN INVESTIGATORY STOP
Y FAILING TO PRODUCE ID AND BECAME COMBATIVE BY Flailing his arms
in violation of 720 (Chapter) Illinois Compiled Statutes 5 (Act) 31-1 (Sub Section)

AOIC Code

X P.O. Clarence E. Moore
(Complainant's Signature)
(Complainant's Address)
(Complainant's Telephone)
X P.O Clarence E. Moore
(Complainant's Name Printed or Typed)

STATE OF ILLINOIS
COOK COUNTY } ss:

The complainant, being first duly sworn on oath, deposes and says that s/he read the foregoing complaint by him/her subscribed and that the same is true.

X P.O. Clarence E. Moore
(Complainant's Signature)

Subscribed and sworn to before me on this 18 day of OCTOBER, 2008.
C. Martin                    # 17246
(Judge's/Clerk's/Law Enforcement Officer's Signature)    (Law Enforcement Officer's Badge No.)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said complaint.

SUMMONS ISSUED,    Judge _____
or
WARRANT ISSUED,    Bail set at: _____    Judge's No.
or
BAIL SET AT: _____    Judge _____    000016    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
ORIGINAL - COURT FILE

**34-2**  **4 DEC/0900**  **CPD/Cook**
(Court Branch # or District #)    (Court Date/Time)    (Arresting Agency #)

Misdemeanor Complaint    (This form replaces CCG-0655, CCMC-0222 & CCMC-0225)    CCCR N654-100M-10/10/06 (        )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois,
                              Plaintiff            }
                                                            No. _____
        v.

**BOYLE, CHARLES D.**
                              Defendant

**MOORE, CLARENCE E.**
(Complainant's Name Printed or Typed)              , complainant, now appears before

the Circuit Court of Cook County and states the following:

That: **BOYLE, CHARLES**    of **6733 SOUTH CHAPEL**    has, on or about
        (Defendant)              (Address)

**18 OCT 08**, at the location of **1435 EAST 53RD ST Chicago, Cook County, IL**
    (Date)                                  (Place of Offense)

committed the offense(s) of **RESISTING OR OBSTRUCTING A PEACE OFFICER**

in that © **KNOWINGLY RESISTED THE PERFORMANCE OF PO Moore OF AN AUTHORIZED**
**ACT WITHIN HIS OFFICIAL CAPACITY TO BE A PEACE OFFICER ENGAGED IN THE**
**EXECUTION OF HIS DUTIES, IN THAT HE RESISTED AN INVESTIGATORY STOP**
**~~+ a suspicious coming by becoming~~ and ~~fleeing his arrest~~**
**~~Attempting to restrain him by being~~ COMBATIVE and fleeing his arrest**

in violation of **720**    Illinois Compiled Statutes  **5**  **/31-1**
        (Chapter)                              (Act)        (Sub Section)

### AOIC Code
[ ][ ][ ][ ][ ][ ][ ][ ]

                                        X P.O. Clarence E. Moore
                                              (Complainant's Signature)
                                        ~~5555~~
                                              (Complainant's Address)
                                        ~~_____~~
                                              (Complainant's Telephone)

STATE OF ILLINOIS }
COOK COUNTY      } ss:              X P.O. Clarence E. Moore
                                              (Complainant's Name Printed or Typed)

The complainant, being first duly sworn on oath, deposes and says that s/he read the foregoing complaint by him/her subscribed and that the
same is true.

                                        X P.O. Clarence E. Moore
                                              (Complainant's Signature)

Subscribed and sworn to before me on this  **18**  day of  **OCTOBER**  , **2008**

**C. Martin**                              **# 17246**
(Judge's/Clerk's/Law Enforcement Officer's Signature)    (Law Enforcement Officer's Badge No.)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is
probable cause for filing same. Leave is given to file said complaint.

SUMMONS ISSUED,    Judge _____
    or
WARRANT ISSUED,    Bail set at: _____        Judge's No.
    or
BAIL SET AT: _____    Judge _____        **000017**
                                                                Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
ORIGINAL - COURT FILE

34-2    4 DEC/0900    CPD/COOK
(Court Branch #      (Court Date/Time)    (Arresting Agency #)
or District #)

**Misdemeanor Complaint**   (This form replaces CCG-0655, CCMC-0222 & CCMC-0225)      CCCR N654-100M-10/10/06 (          )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois,

                                    **Plaintiff**

          v.                                              No. _____

BOYLE, CHARLES D.
                                    **Defendant**

MOORE, CLARENCE E.
(Complainant's Name Printed or Typed)                    , complainant, now appears before

the Circuit Court of Cook County and states the following:

That:   BOYLE, CHARLES    of  6733 SOUTH CHAPEL    has, on or about
         (Defendant)              (Address)

18 OCT 08  , at the location of  1435 EAST 53RD ST  Chicago, Cook County,
   (Date)                           (Place of Offense)

committed the offense(s) of  RESISTING OR OBSTRUCTING A PEACE OFFICER
in that (S)(D)  KNOWINGLY RESISTED THE PERFORMANCE OF PO MOORE OF AN AUTHORIZED
ACT WITHIN HIS OFFICIAL CAPACITY TO BE A PEACE OFFICER ENGAGED IN THE
EXECUTION OF HIS DUTIES, IN THAT HE RESISTED AN INVESTIGATORY STOP
~~FOR A STOLEN CAR~~ by ~~~~~~ ~~~~~~~~~~~ ~~~~~~~~ Flaeling his arms
~~possible stolen~~

in violation of  720  Illinois Compiled Statutes  5  /  31-1
                (Chapter)                          (Act)         (Sub Section)

| AOIC Code | | | | | |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

X P.O. Clarence E. Moore
                              (Complainant's Signature)

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
                              (Complainant's Address)

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
                              (Complainant's Telephone)

**STATE OF ILLINOIS**  }
**COOK COUNTY**         } ss:

X P.O. Clarence E. Moore
                              (Complainant's Name Printed or Typed)

The complainant, being first duly sworn on oath, deposes and says that s/he read the foregoing complaint by him/her subscribed and that the same is true.

X P.O. Clarence E. Moore
                              (Complainant's Signature)

Subscribed and sworn to before me on this  18  day of  OCTOBER  , 2008

C. Martin                                  # 17246
(Judge's/Clerk's/Law Enforcement Officer's Signature)      (Law Enforcement Officer's Badge No.)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said complaint.

**SUMMONS ISSUED,**   Judge _____
       or
**~~WAR~~RANT ISSUED,**   Bail set at: _____
       or                                                    Judge's No.

**BAIL SET AT:** _____   Judge _____
                                                              Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
ORIGINAL - COURT FILE

000018

34-2    4DEC/0900    CPD/Cook
(Court Branch # or District #)    (Court Date/Time)    (Arresting Agency #)

.sdemeanor Complaint    (This form replaces CCG-0655, CCMC-0222 & CCMC-0225)    CCCR N654-100M-10/10/06 (         )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois,

                                        Plaintiff

                v.                                        }    No. _____

BOYLE, CHARLE D.
                                        Defendant

TORRES, LARRY #1028 U OF C POLICE _____, complainant, now appears before
                (Complainant's Name Printed or Typed)

the Circuit Court of Cook County and states the following:

That: BOYLE, CHARLES D _____ of 6733 SOUTH CHAPPEL _____ has, on or about
        (Defendant)                            (Address)

18 OCT 08 _____, at the location of 1435 EAST 53RD STREET, Chicago Cook Coun
        (Date)                                    (Place of Offense)            IL

committed the offense(s) of RESISTING OR OBSTRUCTING A PEACE OFFICER

if that she KNOWINGLY RESISTED THE PERFORMANCE OF PO TORRES OF AN

AUTHORIZED ACT WITHIN HIS OFFICIAL CAPACITY TO BE A PEACE OFFICER

ENGAGED IN THE EXECUTION OF HIS DUTIES, IN THAT HE RESISTED AN

INVESTIGATORY STOP BY FAILING TO PRODUCE IA AND BECAME COMBATIVE BY

FLAILING HIS ARMS

in violation of 720 _____ Illinois Compiled Statutes 5 / 31-1
        (Chapter)                            (Act)        (Sub Section)

| AOIC Code | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

X _____
(Complainant's Signature)

███████████████
(Complainant's Address)

███████████████
(Complainant's Telephone)

STATE OF ILLINOIS } ss:
COOK COUNTY

X _____ J Torres L TORRES
(Complainant's Name Printed or Typed)

The complainant, being first duly sworn on oath, deposes and says that s/he read the foregoing complaint by him/her subscribed and that the same is true.

X _____ J Torres
(Complainant's Signature)

Subscribed and sworn to before me on this 18 day of OCTOBER, 2008

C. Marti _____                    #12246
(Judge's/Clerk's/Law Enforcement Officer's Signature)        (Law Enforcement Officer's Badge No.)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said complaint.

.JMMONS ISSUED,    Judge _____
        or                                                    Judge's No.

WARRANT ISSUED,    Bail set at: _____
        or

BAIL SET AT: _____    Judge _____
                                                            Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    0000_ _

EXHIBIT A

34-2    4 DEC/0900    CPD/Cook
(Court Branch #     (Court Date/Time)     (Arresting Agency #)
or District #)

Misdemeanor Complaint   (This form replaces CCG-0655, CCMC-0022 & CCMC-0335)     CCCR N654-100M-10/19/06 (        )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois,

                                    Plaintiff

            v.                                              No. _____

BOYLE, CHARLE D.
                                    Defendant

TORRES, LARRY #1028 U OF C POLICE
(Complainant's Name Printed or Typed)                    , complainant, now appears before

the Circuit Court of Cook County and states the following:

That: BOYLE, CHARLES D        of 6733 SOUTH CHAPPEL     has, on or about
        (Defendant)                    (Address)

18 OCT 08        , at the location of 1435 EAST 53RD STREET, Chicago (Cook/out
    (Date)                              (Place of Offense)

committed the offense(s) of RESISTING OR OBSTRUCTING A PEACE OFFICER
that (he) KNOWINGLY RESISTED THE PERFORMANCE OF P.O TORRES OF AN
AUTHORIZED ACT WITHIN HIS OFFICIAL CAPACITY TO BE A PEACE OFFICER
ENGAGED IN THE EXECUTION OF HIS DUTIES, IN THAT HE RESISTED AN
INVESTIGATORY STOP BY FAILING TO PRODUCE ID AND BECAME COMBATIVE &
FLAILING HIS ARMS
in violation of 720        Illinois Compiled Statutes    5    /31-1
            (Chapter)                              (Act)        (Sub Section)

AOIC Code
[ ][ ][ ][ ][ ][ ][ ]

                                        X _____
                                            (Complainant's Signature)

                                        _____
                                            (Complainant's Address)

                                        _____
                                            (Complainant's Telephone)

STATE OF ILLINOIS } ss:
COOK COUNTY                                X _____ L TORRES
                                            (Complainant's Name Printed or Typed)

The complainant, being first duly sworn on oath, deposes and says that s/he read the foregoing complaint by him/her subscribed and that the
same is true.

                                        X _____
                                            (Complainant's Signature)

Subscribed and sworn to before me on this    18    day of    OCTOBER        , 2008

C. Maiti
(Judge's/Clerk's/Law Enforcement Officer's Signature)        # 17246
                                        (Law Enforcement Officer's Badge No.)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is
probable cause for filing same. Leave is given to file said complaint.

SUMMONS ISSUED,    Judge _____
    or

WARRANT ISSUED,    Bail set at: _____        Judge's No.
    or

BAIL SET AT: _____    Judge _____

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Judge's No.
                ORIGINAL- COURT FILE                                    000020

34-2    4 DEC/0900    CPD/Cook

(Court Branch # or District #)    (Court Date/Time)    (Arresting Agency #)

**Misdemeanor Complaint**    (This form replaces CCG-0655, CCMC-0222 & CCMC-0225)      CCCR N654-100M-10/10/06 (    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois,

                              **Plaintiff**

        v.                                No. _____

BOYLE, CHARLE D.

                              **Defendant**

TORRES, LARRY #1028 U OF C POLICE _____, complainant, now appears before
(Complainant's Name Printed or Typed)

the Circuit Court of Cook County and states the following:

That: BOYLE, CHARLES D _____ of 6733 SOUTH CHAPPEL _____ has, on or about
     (Defendant)                (Address)

18 OCT 08 _____, at the location of 1435 EAST 53RD STREET, Chicago 60615(?)
  (Date)                          (Place of Offense)

committed the offense(s) of RESISTING OR OBSTRUCTING A PEACE OFFICER

in that she KNOWINGLY RESISTED THE PERFORMANCE OF PO TORRES OF AN
AUTHORIZED ACT WITHIN HIS OFFICIAL CAPACITY TO BE A PEACE OFFICER
ENGAGED IN THE EXECUTION OF HIS DUTIES, IN THAT HE RESISTED AN
INVESTIGATORY STOP ~~by~~ ~~~~ and ~~~~ becoming COMBATIVE ~~~~

in violation of 720 Illinois Compiled Statutes 5 / 31-1
   (Chapter)                       (Act)      (Sub Section)

**AOIC Code**

| | | | | |
|---|---|---|---|---|
| | | | | |

X _____
        (Complainant's Signature)

_____
        (Complainant's Address)

_____
        (Complainant's Telephone)

**STATE OF ILLINOIS**
**COOK COUNTY** } ss:

X _____ L TORRES
        (Complainant's Name Printed or Typed)

The complainant, being first duly sworn on oath, deposes and says that s/he read the foregoing complaint by him/her subscribed and that the same is true.

X _____
        (Complainant's Signature)

Subscribed and sworn to before me on this 18 day of OCTOBER , 2008

C. Maito                #17246
(Judge's/Clerk's/Law Enforcement Officer's Signature)      (Law Enforcement Officer's Badge No.)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said complaint.

**SUMMONS ISSUED**,    Judge _____
    or
                                             Judge's No.

**WARRANT ISSUED**,    Bail set at: _____
    or

**BAIL SET AT:** _____              Judge _____
                                              Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
ORIGINAL - COURT FILE                    000021

**34-2** **4 DEC/0900** **CPD/Cook**
_(Court Branch #_    _(Court Date/Time)_    _(Arresting Agency #)_
_or District #)_

**Misdemeanor Complaint**    (This form replaces CCG-0655, CCMC-0222 & CCMC-0225)    CCCR N654-100M-10/10/06 (          )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois,

                                                    **Plaintiff**

                    v.                                                    No. _____

**BOYLE, CHARLE D.**

                                                    **Defendant**

**TORRES, LARRY # 1028 U OF C POLICE** , complainant, now appears before
_(Complainant's Name Printed or Typed)_

the Circuit Court of Cook County and states the following:

That: **BOYLE, CHARLES D** of **6733 SOUTH CHAPPEL** has, on or about
         _(Defendant)_                              _(Address)_

**18 OCT 08** , at the location of **1435 EAST 53RD STREET, Chicago Cook County**
   _(Date)_                              _(Place of Offense)_

committed the offense(s) of **RESISTING OR OBSTRUCTING A PEACE OFFICER**

in that (s)he **KNOWINGLY RESISTED THE PERFORMANCE OF PO TORRES OF AN**
**AUTHORIZED ACT WITHIN HIS OFFICIAL CAPACITY TO BE A PEACE OFFICER**
**ENGAGED IN THE EXECUTION OF HIS DUTIES, IN THAT HE RESISTED AN**
**INVESTIGATORY STOP** ~~BASED~~ possible stolen

in violation of **20** Illinois Compiled Statutes **5** **/31-1**
              _(Chapter)_                              _(Act)_         _(Sub Section)_

| AOIC Code |
|---|
|  |

X _J. Torres_
_(Complainant's Signature)_

_(Complainant's Address)_

_(Complainant's Telephone)_

**STATE OF ILLINOIS**
**COOK COUNTY** } ss:

X _J. Torres_ **L TORRES**
_(Complainant's Name Printed or Typed)_

· The complainant, being first duly sworn on oath, deposes and says that s/he read the foregoing complaint by him/her subscribed and that the same is true.

X _J. Torres_
_(Complainant's Signature)_

Subscribed and sworn to before me on this **18** day of **OCTOBER** , **2008**

_C. Martin_                              **# 17246**
_(Judge's/Clerk's/Law Enforcement Officer's Signature)_         _(Law Enforcement Officer's Badge No.)_

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said complaint.

**SUMMONS ISSUED,**    Judge _____
    or                                                    _____
                                                    Judge's No.
**WARRANT ISSUED,**    Bail set at: _____
    or

**BAIL SET AT:** _____    Judge _____    _____
                                                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
ORIGINAL - COURT FILE

000022

**DEFENDANTS' EXHIBIT N**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES BOYLE,                              )
                                            )    No.    09 C 1080
                    Plaintiff,              )
                                            )
        vs.                                 )    JUDGE BUCKLO
                                            )
University of Chicago Police Officer        )
LARRY TORRES, Star #1028, University of     )    Magistrate Judge Denlow
Chicago Police Officer CLARENCE E. MOORE,   )
Star #1012, University of Chicago Police Officer )
GALARZA, University of Chicago Police Officer )
KWIATKOWSKI, University of Chicago Police   )
Officer GILLESPIE, UNIVERSITY OF            )
CHICAGO, Chicago Police Officer V. DARLING, )
Star #19135, Chicago Police Officer C. E.   )
MARTIN, Star #17246, and the CITY OF        )
CHICAGO,                                    )
                                            )
                    Defendants.             )

## DEFENDANT OFFICER DARLING'S ANSWER TO
## PLAINTIFF'S INTERROGATORIES

Defendants Officer Darling, by his attorney, Helen Gibbons, Assistant Corporation Counsel,

answers Plaintiff's Interrogatories as follows:

### Interrogatories

1.      Please identify (including title) all persons who assisted in the responses to these
interrogatories.

**ANSWER:**      Defendant Officer objects to this interrogatory as vague and ambiguous as to

"assisted", overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence. Subject to these objections, Defendant Officer states as follows: Police Officer

Vincent Darling and Helen C. Gibbons, Assistant Corporation Counsel, City of Chicago Department

of Law, 30 North LaSalle Street, Suite 1400, Chicago, Illinois.

2.      Please identify all persons, including but not limited to police officers, who witnessed or have knowledge of the incident alleged in the Plaintiff's Complaint.

**ANSWER:**      Defendant Officer objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence and asks for information outside of his personal knowledge. Subject to and without waiving this objection, Defendant Officer states: The University of Chicago Officers have knowledge of the incident alleged in Plaintiff's complaint. By the time my partner Officer Martin and I arrived at the scene of the arrest, Plaintiff was already in handcuffs, there were a number of people there, but I do not know specifically who they are. There was a man and a woman, to the best of my knowledge the man indicated that Plaintiff was his cousin, but that he had not seen the interaction with Plaintiff and the University.

3.      Please identify all persons, including but not limited to police officers, who are believed by defendants to have knowledge supporting Defendant's denials of Plaintiff's allegations. Briefly summarize what knowledge Defendant believes each person may possess.

**ANSWER:**      Defendant Officer objects to this interrogatory on the grounds that it is vague as to the term "police officers" as this case involves two separate entities with employees called police officers, overly broad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, asks for information outside of his personal knowledge, and to the extent it calls for a legal conclusion. Subject to and without waiving this objection, Defendant Officer states: Plaintiff knows that my partner Officer Martin

-2-

and myself only arrived after he was in custody, also, please see my answer to the previous interrogatory.

    4.    Identify all police officers who were present at or near 1435 East 53rd Street, Chicago, Illinois 60615 at the time of the incident alleged in the complaint, and for each such officer indicate the following:

    a)    Why he/she was at that location;

    b)    Whether he/she had any physical contact with Plaintiff;

    c)    Whether he/she participated in the arrest of Plaintiff;

    d)    Whether he/she participated in the search of Plaintiff;

    e)    Whether he/she had any participation in the bring of criminal charges against Plaintiff.

**ANSWER:**    Defendant Officer objects to this interrogatory on the grounds that it is vague as to time-frame, overly broad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, asks for information outside of his personal knowledge, and to the extent it is duplicative of the previous two interrogatories and is therefore harassing. Subject to and without waiving this objection, Defendant Officer states: The co-defendants, as well as Chicago Police Officer Mark Jones and Sgt. Witczack. My partner and I were not present for the Plaintiff's arrest, nor did we have any contact with Plaintiff until later. University of Chicago Officers searched Plaintiff, we watched, and then he was placed in our car.

My partner and I did the relevant paper work, University of Chicago Officers signed the complaints.

 

 

5.     If there were any investigations, including, but not limited to, an internal affairs, O.P.S., or Independent Police Review Authority investigation, relating to the incident alleged in Plaintiff's Complaint, please state who conducted and/or took part in it, and state and describe its findings.

**ANSWER:**    Defendant Officer objects to this interrogatory on the grounds that it asks

for information outside of his personal knowledge. Subject to and without waiving this objection

Defendant Officer states: I am not aware of any investigation being instituted, my understanding

is that a CR has been opened because of the filing of this lawsuit, but I am not sure the status of

the investigation.

 

 

6.     State whether you sustained any physical injury during your interaction with Plaintiff on or about October 18, 2008. If yes, describe your injury. Additionally, if you received any medical treatment for your injury state the date(s) of your treatment and identify the medical provider(s).

**ANSWER:**    No.

 

 

7.     Please state and describe your understanding of the policies and customs which govern the writing of any kind of log and/or report including, but not limited to, complaint report, arrest report, search report, property report, supplemental report, or otherwise, (1) when an individual is arrested for interfering with a public officer – resisting/obstructing/disarming an officer and (2) when an arrest is commenced and/or made by a University of Chicago Police Officer. Included in this response, must be when a log, report, or other document is to be written, on what type of form it is to be written, and what facts are to be put in such log, reports, or other document.

**ANSWER:**     Defendant Officer objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, asks for information outside of his personal knowledge, and to the extent this asks for information regarding University of Chicago Police Officers and their policies and customs. Please see general orders regarding the policies and customs responsive to this interrogatory.

8.     Please state how long and in what capacity you have been employed by the City of Chicago Police Department. Your response should include a brief description of your change in assignments and/or rank if any, and when those changes occurred.

**ANSWER:**     Defendant Officer objects to this interrogatory insofar as it seeks personal identifying information for law enforcement personnel, Subject to these objections Defendant states as follows: I was appointed December of 1996, I worked in the 6th district for 8 years as a Patrol Officer; and then around 2004 I started in the 21st district as a Patrol Officer, where I still work today.

9.     Please describe your assignment with the City of Chicago Police Department on October 18, 2008. Your response should include the actual time you began and ended your duties.

**ANSWER:**     Defendant Officer objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information not reasonably calculated to lead to the

discovery of admissible evidence, asks for information outside of his personal knowledge.

Subject to and without waiving these objections, Defendant Officer states as follows: I was

assigned to beat 2132, which is part of a robbery mission, and also provides support for other

beats in the surrounding area as needed. Beat 2132 is runs from 47th Street to 60th Street, and

from the Lake to Blackstone. I worked from 12am to 8am which is 1st watch.


     10.    State the case number, caption, and jurisdiction of all civil cases in which you

were named a defendant during the course of your employment with the City of Chicago Police

Department.

     **ANSWER:**   This action is the only civil case that I have been named a defendant

during the course of my employment with the City of Chicago Police Department .


     11.    Identify all complaints ( and the names of all complainants), including but not
limited to, complaints of false arrests, excessive use of force, unlawful search and/or seizure,
perjury, malicious prosecution, or general misconduct which have been lodged against you
during the course of your career with the City of Chicago Police Department. Your response
should list each number, such as complaint register number, that has been assigned to each
complaint, indicate when each investigation was concluded, and state the nature of punishment,
if any, received by the defendant as a result of the complaint.

     **ANSWER:**   Defendant Officer objects to this interrogatory on the grounds that is

overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the

discovery of admissible evidence. Defendant Officer's 5-year complaint history will be tendered

upon entry of the appropriate protective order.

-6-

12.     Identify all documents, notes, memoranda, or other writings, including internal investigations statements, police reports, and inter-agency memos which you wrote which relate or refer to the Plaintiff and/or the incident alleged in the Plaintiff's complaint.

**ANSWER:**     Defendant Officer objects to this interrogatory on the grounds that is overly broad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, and calls for information outside of his personal knowledge. Subject to and without waiving these objections Defendant Officer states: I wrote the arrest report, original case incident report, and general offence case report for Plaintiff's arrest.

13.     State whether you gave any statement, oral, written or tape recorded, signed or unsigned to an investigator (internal or otherwise) in connection with the incident alleged in the complaint.  If yes, state the current location of each original statement.

**ANSWER:**     Defendant Officer objects to this interrogatory on the grounds that is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections Defendant Officer states: To the best of my knowledge I have not given any statement.

14.     State the name and current or last known address of each and every individual you may call as a witness in the trial of this matter.

**ANSWER:**     Please see the Defendants' joint 26(a) disclosures, as well as the disclosures from Plaintiff and the University of Chicago Defendants.

15.    State whether you ever testified in an court proceeding relating to your interactions with plaintiff on October 18, 2008. If yes, state the date, courtroom, nature of court proceeding, and case number(s) associated with said testimony.

**ANSWER:**    Defendant Officer objects to this interrogatory on the grounds that is

overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the

discovery of admissible evidence. Subject to and without waiving these objections Defendant

states as follows: I did not testify in any court proceedings relating to Plaintiff.

16.    State whether you performed any duties of any kind as a City of Chicago Police Officer on January 20, 2009 and/or December 6, 2008. If yes, state the hours you performed your duties, and the location(s) where these duties were performed.

**ANSWER:**    Defendant Officer objects to this interrogatory on the grounds that is

overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the

discovery of admissible evidence as the Defendant Officer's schedule and whereabouts on date

that are not related to the underlying incident are not relevant.

17.    State each and every fact that explains each affirmative defense set forth in your answer to the Complaint. Identify all witnesses who support each affirmative defense, if any, and state the subject matter of each witness' knowledge.

**ANSWER:**    Defendant Objects to this interrogatory as unduly burdensome, seeks

information not reasonably calculated to lead to the discovery of admissible evidence and asks

for information outside of his personal knowledge, and calls for a legal conclusion. Subject to

and without waiving these objections, Defendant Officer states: Please see the information

disclosed in Defendants' 26(a)1 disclosures as well as these answers to interrogatories.

-8-

Respectfully submitted,

By: _____

HELEN GIBBONS
Assistant Corporation Counsel


30 N. LaSalle St., Suite 1400
Chicago, Illinois 60602
(312) 744-3982
Attorney No. 062982881

-9-

## **VERIFICATION**

Vincent Darling , being first duly sworn on oath, deposes and states that he is a Defendant in the above-captioned matter; that he has read the foregoing document, and the answers made herein are true, correct and complete to the best of his knowledge and belief.

_____
Vincent Darling

SUBSCRIBED and SWORN to before
me this _24th_ day of June, 2009

_____
Notary Public

Official Seal
Shauntelle Reynolds
Notary Public State of Illinois
My Commission Expires 07/25/2011

## CERTIFICATE OF SERVICE

I, HELEN GIBBONS, an attorney, certify that I caused copies the attached document to be served on MEGHAN A. GONNISSEN, Ed Fox & Associates, 300 West Adams - Suite 330, Chicago, IL 60606 , by messenger deliver and Steven M. Puiszis, Hinshaw & Culbertson LLP, 222 N. LaSalle Street, Suite 300, Chicago, Illinois 60601 by United States mail, first class postage prepaid this 6th day of July 2009.

By:

HELEN GIBBONS
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1400
Chicago, Illinois 60602
(312) 744-3982
Attorney No. 062982881

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES BOYLE, | ) | |
| | ) | No.    09 C 1080 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE BUCKLO |
| | ) | |
| University of Chicago Police Officer | ) | Magistrate Judge Denlow |
| LARRY TORRES, Star #1028, University of | ) | |
| Chicago Police Officer CLARENCE E. MOORE, | ) | |
| Star #1012, University of Chicago Police Officer | ) | |
| GALARZA, University of Chicago Police Officer | ) | |
| KWIATKOWSKI, University of Chicago Police | ) | |
| Officer GILLESPIE, UNIVERSITY OF | ) | |
| CHICAGO, Chicago Police Officer V. DARLING, | ) | |
| Star #19135, Chicago Police Officer C. E. | ) | |
| MARTIN, Star #17246, and the CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT OFFICER MARTIN'S ANSWER TO
### PLAINTIFF'S INTERROGATORIES

Defendants Officer Martin, by his attorney, Helen Gibbons, Assistant Corporation Counsel,

answers Plaintiff's Interrogatories as follows:

### Interrogatories

1.      Please identify (including title) all persons who assisted in the responses to these
interrogatories.

**ANSWER:**      Defendant Officer objects to this interrogatory as vague and ambiguous as to

"assisted", overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence. Subject to these objections, Defendant Officer states as follows: Police Officer

Carl Martin and Helen C. Gibbons, Assistant Corporation Counsel, City of Chicago Department of

Law, 30 North LaSalle Street, Suite 1400, Chicago, Illinois.


2.      Please identify all persons, including but not limited to police officers, who witnessed or have knowledge of the incident alleged in the Plaintiff's Complaint.

**ANSWER:**    Defendant Officer objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence and asks for information outside of his personal knowledge. Subject to and without waiving this objection, Defendant Officer states: The University of Chicago Officers have knowledge of the incident alleged in Plaintiff's complaint, Chicago Police Sergeant Witczack and Officer Mark Jones were also there. By the time my partner Officer Darling and I arrived at the scene of the arrest, Plaintiff was already in handcuffs, there were a number of people there, but I do not know specifically who they are. There was a man and a woman, to the best of my knowledge the man indicated that Plaintiff was his cousin, but that he had not seen the interaction with Plaintiff and the University.


3.      Please identify all persons, including but not limited to police officers, who are believed by defendants to have knowledge supporting Defendant's denials of Plaintiff's allegations. Briefly summarize what knowledge Defendant believes each person may possess.

**ANSWER:**    Defendant Officer objects to this interrogatory on the grounds that it is vague as to the term "police officers" as this case involves two separate entities with employees called police officers, overly broad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, asks for information outside of his personal knowledge, and to the extent it calls for a legal conclusion. Subject to and without waiving this objection, Defendant Officer states: Plaintiff knows that my partner Officer Martin

and myself only arrived after he was in custody, also, please see my answer to the previous
interrogatory.

    4.    Identify all police officers who were present at or near 1435 East 53rd Street,
Chicago, Illinois 60615 at the time of the incident alleged in the complaint, and for each such
officer indicate the following:

    a)    Why he/she was at that location;

    b)    Whether he/she had any physical contact with Plaintiff;

    c)    Whether he/she participated in the arrest of Plaintiff;

    d)    Whether he/she participated in the search of Plaintiff;

    e)    Whether he/she had any participation in the bring of criminal charges against
    Plaintiff.

**ANSWER:**    Defendant Officer objects to this interrogatory on the grounds that it is
vague as to time-frame, overly broad, unduly burdensome, seeks information not reasonably
calculated to lead to the discovery of admissible evidence, asks for information outside of his
personal knowledge, and to the extent it is duplicative of the previous two interrogatories and is
therefore harassing. Subject to and without waiving this objection, Defendant Officer states: The
co-defendants, as well as Chicago Police Officer Mark Jones and Sgt. Witczack. My partner and
I were not present for the Plaintiff's arrest, nor did we have any contact with Plaintiff until later.
University of Chicago Officers searched Plaintiff, we watched, and then he was placed in our car.

My partner and I did the relevant paper work, University of Chicago Officers signed the complaints.

5.     If there were any investigations, including, but not limited to, an internal affairs, O.P.S., or Independent Police Review Authority investigation, relating to the incident alleged in Plaintiff's Complaint, please state who conducted and/or took part in it, and state and describe its findings.

**ANSWER:**     Defendant Officer objects to this interrogatory on the grounds that it asks for information outside of his personal knowledge.  Subject to and without waiving this objection Defendant Officer states: I am not aware of any investigation being instituted, my understanding is that a CR has been opened because of the filing of this lawsuit, but I am not sure the status of the investigation.

6.     State whether you sustained any physical injury during your interaction with Plaintiff on or about October 18, 2008.  If yes, describe your injury.  Additionally, if you received any medical treatment for your injury state the date(s) of your treatment and identify the medical provider(s).

**ANSWER:**     No.

7.     Please state and describe your understanding of the policies and customs which govern the writing of any kind of log and/or report including, but not limited to, complaint report, arrest report, search report, property report, supplemental report, or otherwise, (1) when an individual is arrested for interfering with a public officer – resisting/obstructing/disarming an officer and (2) when an arrest is commenced and/or made by a University of Chicago Police Officer.  Included in this response, must be when a log, report, or other document is to be written, on what type of form it is to be written, and what facts are to be put in such log, reports, or other document.

**ANSWER:**    Defendant Officer objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, asks for information outside of his personal knowledge, and to the extent this asks for information regarding University of Chicago Police Officers and their policies and customs. Please see general orders regarding the policies and customs responsive to this interrogatory.

8.    Please state how long and in what capacity you have been employed by the City of Chicago Police Department. Your response should include a brief description of your change in assignments and/or rank if any, and when those changes occurred.

**ANSWER:**    Defendant Officer objects to this interrogatory insofar as it seeks personal identifying information for law enforcement personnel, Subject to these objections Defendant states as follows: I was appointed September 28, 1998 and have worked in the 21st district since my appointment as a Patrol Officer.

9.    Please describe your assignment with the City of Chicago Police Department on October 18, 2008. Your response should include the actual time you began and ended your duties.

**ANSWER:**    Defendant Officer objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, asks for information outside of his personal knowledge.

Subject to and without waiving these objections, Defendant Officer states as follows: I was assigned to beat 2132, which is part of a robbery mission, and also provides support for other beats in the surrounding area as needed. Beat 2132 is runs from 47th Street to 60th Street, and from the Lake to Blackstone. I worked from 12am to 8am which is 1st watch.

10.    State the case number, caption, and jurisdiction of all civil cases in which you were named a defendant during the course of your employment with the City of Chicago Police Department.

**ANSWER:**    This action is the only civil case that I have been named a defendant during the course of my employment with the City of Chicago Police Department .

11.    Identify all complaints ( and the names of all complainants), including but not limited to, complaints of false arrests, excessive use of force, unlawful search and/or seizure, perjury, malicious prosecution, or general misconduct which have been lodged against you during the course of your career with the City of Chicago Police Department. Your response should list each number, such as complaint register number, that has been assigned to each complaint, indicate when each investigation was concluded, and state the nature of punishment, if any, received by the defendant as a result of the complaint.

**ANSWER:**    Defendant Officer objects to this interrogatory on the grounds that is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendant Officer's 5-year complaint history will be tendered upon entry of the appropriate protective order.

12. Identify all documents, notes, memoranda, or other writings, including internal investigations statements, police reports, and inter-agency memos which you wrote which relate or refer to the Plaintiff and/or the incident alleged in the Plaintiff's complaint.

**ANSWER:** Defendant Officer objects to this interrogatory on the grounds that is overly broad, unduly burdensome, seeks information not reasonably calculated to lead to the discovery of admissible evidence, and calls for information outside of his personal knowledge. Subject to and without waiving these objections Defendant Officer states: I wrote the complaints relative Plaintiff's arrest.

13. State whether you gave any statement, oral, written or tape recorded, signed or unsigned to an investigator (internal or otherwise) in connection with the incident alleged in the complaint. If yes, state the current location of each original statement.

**ANSWER:** Defendant Officer objects to this interrogatory on the grounds that is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections Defendant Officer states: To the best of my knowledge I have not given any statement.

14. State the name and current or last known address of each and every individual you may call as a witness in the trial of this matter.

**ANSWER:** Please see the Defendants' joint 26(a) disclosures, as well as the disclosures from Plaintiff and the University of Chicago Defendants.

15.     State whether you ever testified in an court proceeding relating to your interactions with plaintiff on October 18, 2008. If yes, state the date, courtroom, nature of court proceeding, and case number(s) associated with said testimony.

**ANSWER:**     Defendant Officer objects to this interrogatory on the grounds that is

overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the

discovery of admissible evidence. Subject to and without waiving these objections Defendant

states as follows: I did not testify in any court proceedings relating to Plaintiff.


16.     State whether you performed any duties of any kind as a City of Chicago Police Officer on January 20, 2009 and/or December 6, 2008. If yes, state the hours you performed your duties, and the location(s) where these duties were performed.

**ANSWER:**     Defendant Officer objects to this interrogatory on the grounds that is

overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the

discovery of admissible evidence as the Defendant Officer's schedule and whereabouts on date

that are not related to the underlying incident are not relevant.


17.     State each and every fact that explains each affirmative defense set forth in your answer to the Complaint. Identify all witnesses who support each affirmative defense, if any, and state the subject matter of each witness' knowledge.

**ANSWER:**     Defendant Objects to this interrogatory as unduly burdensome, seeks

information not reasonably calculated to lead to the discovery of admissible evidence and asks

for information outside of his personal knowledge, and calls for a legal conclusion. Subject to

and without waiving these objections, Defendant Officer states: Please see the information

disclosed in Defendants' 26(a)1 disclosures as well as these answers to interrogatories.

-8-

Respectfully submitted,

By: _____

HELEN GIBBONS
Assistant Corporation Counsel


30 N. LaSalle St., Suite 1400
Chicago, Illinois 60602
(312) 744-3982
Attorney No. 062982881

## **VERIFICATION**

Carl Martin, being first duly sworn on oath, deposes and states that he is a Defendant in the above-captioned matter; that he has read the foregoing document, and the answers made herein are true, correct and complete to the best of his knowledge and belief.

Carl Martin

SUBSCRIBED and SWORN to before
me this ____ day of June, 2009

Notary Public

Official Seal
Shauntelle Reynolds
Notary Public State of Illinois
My Commission Expires 07/2?/2011

## CERTIFICATE OF SERVICE

I, HELEN GIBBONS, an attorney, certify that I caused copies the attached document to be served on MEGHAN A. GONNISSEN, Ed Fox & Associates, 300 West Adams - Suite 330, Chicago, IL 60606 , by messenger deliver and Steven M. Puiszis, Hinshaw & Culbertson LLP, 222 N. LaSalle Street, Suite 300, Chicago, Illinois 60601 by United States mail, first class postage prepaid this 6th day of July 2009.

By: _____
HELEN GIBBONS
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1400
Chicago, Illinois 60602
(312) 744-3982
Attorney No.  062982881

# DEFENDANTS' EXHIBIT O

STATE OF ILLINOIS )
                   ) SS:
COUNTY OF COOK     )

    IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
    MUNICIPAL DEPARTMENT-FIRST MUNICIPAL DISTRICT


THE PEOPLE OF THE        )
STATE OF ILLINOIS,       )
                         )
       Plaintiff,        )
                         )
       vs                )    #08MC1277951
                         )    Branch 46
                         )
CHARLES BOYLE,           )
                         )
       Defendant.        )


        REPORT OF PROCEEDINGS of the Motions and
Hearing before the Honorable THOMAS DONNELLY, Judge of
said court, on the 20th day of January, 2009.


        APPEARANCES:

        HON. ANITA M. ALVAREZ,
        State's Attorney of Cook County, by:
        MR. WILLIAM COTTER,
        Assistant State's Attorney,
        appeared for the People;

        MR. ED FOX, Atty.,
        appeared for the Defendant.




Oona Campbell-Smith, C.S.R.
Official Court Reporter, #084-001439
69 W. Washington Street
Chicago, Illinois 60602.


                        1

1          THE CLERK:  Charles Boyle.

2          THE COURT:  This case is set for trial.  There

3     is also, at least it appears, several pending motions.

4     Are both sides ready to argue on the motions?

5          MR. FOX:  Excuse me, judge.  My understanding

6     was the Court indicated the motion would be today and

7     trial would be tomorrow morning.

8          THE COURT: That's indeed how we proceed.  We do

9     motions and instructions conference today.  And then

10    proceed with the testimony tomorrow.

11         MR. FOX:  Okay.

12         THE COURT:  As to the motion, both sides ready

13    to argue on the motion?

14         MR. FOX:  Yes.

15         MR. COTTER:  Yes.

16         THE COURT:  I have three motions before the

17    Court.  A motion to dismiss.  A motion to quash and a

18    pretrial motion for discovery.

19              As to the motion to quash and suppress

20    evidence, you will be proceeding by way of testimony

21    evidence with respect to that.  So we will reserve ruling

22    on that.

23              However, the motion to dismiss and pretrial

24    motions for discovery will be addressed by the Court at

1  driver to stop, wait a minute, buddy.  They are not

2  suspicious themselves of a stolen vehicle. That's

3  inconsistent of horn honking.  Can do no better than

4  attract attention.

5       My client and their friends are not making

6  attempt to get away, as if in a stolen vehicle.  So they

7  are attracting attention to themselves to park

8  practically right next to a police car.  And there is a

9  horn honking.  At the end of the day, that's what we are

10 left with.

11      If I was driving down the street, with my

12 family, and the same thing happened, we would not be

13 here.  It just boggles my mind, in that sense.

14      THE COURT:  All right.  I have heard the

15 evidence and arguments of counsel.

16      The motion to suppress will be granted.  For

17 many reasons.  One, I do not believe this meets the

18 standard under Terry.  I was waiting to see whether the

19 state would argue this was community safekeeping stop.

20 They did not chose to argue that.  I am not sure whether

21 it was needed, under that standard.

22      But certainly I don't think under the argued

23 standard, articulable suspicion that the car was stolen.

24 I don't think the officer had, judging from totality of

1   the circumstances, reason to believe that something

2   criminal was afoot here.

3          The officers also, both the officers had, I

4   think, problems with credibility.  The facts regarding

5   the way the vehicle stopped, and the conduct of the

6   defendant, were not included in the report.  And that

7   impeachment by omission, specifically, with the testimony

8   of Ms. Glover, who I found to be highly credible.

9          Those two things together.  I don't believe

10  the officer's testimony, with respect to the way the stop

11  actually occurred.  I think these are facts, that these

12  are such important facts, that if they occurred they

13  would have included in the report.

14         Also, just even if I go with them and concede

15  all these things, the officer didn't say, didn't offer

16  any basis for his opinion that a solid horn is indicative

17  of a stolen car.  He has just voiced that opinion,

18  without supporting that with any experience that he has

19  had in prior five or six times, perhaps he knows this is

20  connected to a stolen vehicle.  There was nothing to

21  support that.

22         So that testimony that this sound is

23  articulable suspicion of stolen motor vehicle or horn

24  malfunctioning was not persuasive.

88

1          In Illinois, particularly, we have the right,

2    not only to be free from unreasonable search and seizure.

3    Article one, Section six, of Illinois Constitution

4    provides we have the right to privacy.  The right to be

5    left alone.  And state intervening and stopping us in our

6    daily life has to be reason to do so. Reason that stands

7    up in court.

8          The Court does not find, in this instance,

9    the two officers had sufficient reason to stop Mr. Boyle.

10   And for all those reasons, the Motion to Suppress will be

11   granted.

12          And based on that, with respect to the

13   underlying criminal charge?

14          MR. COTTER:  Motion State nolle pros.

15          THE COURT:  All charges are dismissed against

16   you, Mr. Boyle.  You are free to go.  The case is

17   dismissed. The defendant is discharged.

18                    (Which was all the evidence heard

19                     in the above-entitled cause.)

20

21

22

23

24

89

1    IN THE CIRCUIT OF COOK COUNTY, ILLINOIS

2                    FIRST DISTRICT

3

4    I, OONA CAMPBELL-SMITH, an Official Court Reporter of

5    the Circuit Court of Cook County, County Department

6    Municipal Division, do hereby certify that I reported in

7    shorthand the proceedings had on the hearing in the

8    above-entitled cause; that I thereafter caused to be

9    transcribed into typewriting the above Report of

10   Proceedings, which I hereby certify is a true and correct

11   transcript of the proceedings had upon the hearing of the

12   defendant before the Honorable THOMAS DONNELLY, Judge of

13   said Court.

14

15

16

17

18   _____

19                Official Court Reporter.

20

21

22

23   Dated this 1st day of

24   April, 2009.

90

# DEFENDANTS' EXHIBIT P

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 001

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 08127795101

CHARLES    D BOYLE

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint with the Clerk of the Circuit Court.

Charging the above named defendant with:

    720-5/31-1-A                  M        RESIST/OBSTRUCT - PEACE O
    720-5/31-1-A                  M        RESIST/OBSTRUCT - PEACE O
The following disposition(s) was/were rendered before the Honorable Judge(s):

10/21/08 BOND SET BY RULE OF COURT            12/04/08 5134
12/04/08 APPEARANCE FILED
         RYAN JIM
12/04/08 MOTION FOR DISCOVERY                          S        2
         RYAN JIM
12/04/08 JURY DEMAND BY DEFENDANT             12/12/08 6146
         RYAN JIM
12/12/08 APPEARANCE FILED
         DONNELLY, THOMAS M.
12/12/08 MOTION FOR DISCOVERY                          S        2
         DONNELLY, THOMAS M.
12/12/08 CONTINUANCE BY AGREEMENT             11/20/09 6146
         DONNELLY, THOMAS M.
01/20/09 DISMISSED                    CALL
         DONNELLY, THOMAS M.
01/20/09 MOTION TO SUPPRESS                            S        2
         DONNELLY, THOMAS M.
01/20/09 NOLLE PROSEQUI                CALL
         DONNELLY, THOMAS M.
01/20/09 TRANSFERRED                          01/20/09 6146
         RM 303
         RIVKIN-CAROTHERS ANITA

I hereby certify that the foregoing has been entered of record on the above captioned case.
Date 03/19/09

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY