IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES BOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 09 C 1080 |
| | ) | |
| v. | ) | JUDGE BUCKLO |
| | ) | |
| UNIVERSITY OF CHICAGO, *et al*. | ) | MAGISTRATE JUDGE DENLOW |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO CITY OF CHICAGO DEFENDANTS'
LOCAL RULE 56.1(a)(3) STATEMENT OF UNDISPUTED FACTS**

NOW COMES the Plaintiff, CHARLES BOYLE, by and through his attorneys, ED FOX & ASSOCIATES, and hereby submits his Response to City's Local Rule 56.1 Statement of Undisputed Facts:

1. Plaintiff, Charles Boyle, is a Chicago Resident. Exhibit ("Exh.") A (Complaint), 3.

   **ANSWER:** This paragraph is undisputed.

2. Chicago Officers are Chicago Residents. Exh. A (Complaint), 1.

   **ANSWER:** This paragraph is undisputed.

3. Defendant City of Chicago is a municipal corporation within the State of Illinois and, at the time alleged in Plaintiff's Complaint, employed the Chicago Officers. Exh. A (Complaint), 10-12.

**ANSWER:** This paragraph is undisputed.

## JURISDICITON AND VENUE

4. This Court has jurisdiction under 42 U.S.C. §1983. Exh. A (Complaint),1 1.

**ANSWER:** This paragraph is undisputed.

5. Venue is proper in the Northern District of Illinois, Eastern Division. Exh. A (Complaint), 2.

**ANSWER:** This paragraph is undisputed.

## FACTS

6. On or about October 18, 2008, Plaintiff Charles Boyle, and three friends, Kenneth Roberson, Ashley Glover, and Steven Sinclair were driving in a car after hanging out at a local bar. Exh. B (Charles Boyle Deposition) at p. 29, 38, 46, 123; Exh. C (Kenneth Roberson Deposition) at p. 19. Exh. D (Ashley Glover Deposition) at p. 44-45.

**ANSWER:** This paragraph is undisputed.

7. The car, owned by Ashley Glover, and driven by Steven Sinclair, had a mechanical problem which caused the car's horn sound off occasionally. The horn would sound in an uninterrupted manner. Exh. B (Charles Boyle Deposition) at p. 29, 38, 46, 123; Exh. C (Kenneth Roberson Deposition) at p 20, 28; Exh. D (Ashley Glover Deposition) at p. 28-30, 44-45.

**ANSWER:** This paragraph is undisputed.

8. Plaintiff and his friends went to 53rd Street and Blackstone Avenue so Steven and Kenneth could use a nearby ATM, shortly before pulling over, the car's horn went off in an uninterrupted manner and continued sounding until right around the time they pulled over. Exh. B (Charles Boyle Deposition) at p. 35, 38; Exh. C (Kenneth Roberson Deposition) at p. 23-24, 28, 33-34. Exh.D (Ashley Glover Deposition) at p. 41-42, 51; Exh. E (Clarence Moore Deposition) at p. 29-31, 37-38.

**ANSWER:** This paragraph is undisputed.

9. Steven stopped the car on the south west corner of the intersection of 53rd Street and Blackstone Avenue, facing east bound, approximately two car lengths from the intersection. Exh. B (Charles Boyle Deposition) at p. 50-51; Exh. C (Kenneth Roberson Deposition) at p. 29, 31-33; Exh. E (Clarence Moore Deposition) at p. 37-40.

**ANSWER:** This paragraph is undisputed.

10. Steven and Kenneth went to the ATM while Plaintiff and Ashley stayed in the vehicle. Exh. B (Charles Boyle Deposition) at p. 51; Exh. C (Kenneth Roberson Deposition) at p. 34-35; Exh. D (Ashley Glover Deposition) at p. 54-55; Exh. E (Clarence Moore Deposition) at p.40, 42, 44-45.

**ANSWER:** This paragraph is undisputed.

11. Plaintiff exited the vehicle to check under the hood in an attempt to fix the horn problem. Exh. B (Charles Boyle Deposition) at p. 52; Exh. C (Kenneth Roberson Deposition) at p 39-40; Exh. D (Ashley Glover Deposition) at p. 56-58; Exh. E (Clarence

Moore Deposition) at p. 44-47.

**ANSWER:** This paragraph is undisputed.

12. Shortly thereafter, University of Chicago Police approached Plaintiff and a struggle between Plaintiff and the University of Chicago Police Officers ensued for a brief period of time. Exh. B (Charles Boyle Deposition) at p. 52-56, 59-60, 62-63, 72; Exh. D (Ashley Glover Deposition) at p. 58-59, 79-81; Exh. E (Clarence Moore Deposition) at p. 49-52; Exh. F (Larry Torres Deposition) at p. 24-25, 51-56.

**ANSWER:** Plaintiff objects: Defendant has mischaracterized the evidence in the record. Plaintiff moves to strike paragraph 12. See Nair v. Principi, 2005 WL 1850358 *2 (N.D. Ill. Aug 10, 2005) (Where the Court agrees that statements of facts are misleading or mischaracterize the evidence, it is appropriate for the Court to disregard facts not supported by the cited evidence.) The record is mischaracterized because Plaintiff did not get into a struggle with University officers.

However, without waiving said objection, Plaintiff disputes the facts alleged in paragraph 12. After Boyle turned back to look at the engine of the car, a University officer said to Boyle "show me some damn ID." (Ex. B, p. 59; Ex. D p. 70). Boyle asked this officer why. (Id.). Boyle then turned around to face the officer who asked him for ID. (Ex. B, p. 60). The officer then told Boyle words to the effect of "show me some f[uck]ing ID". (Ex. B, p. 62; Ex. D, p. 71). Boyle then stated to the officer that he didn't have a problem with authority, but simply was asking why. (Ex. B, p. 62). Boyle then heard Moore state "I see we're going to have to deal with you." (Ex. B, p. 63).

Officer Moore grabbed Boyle, turned him around, and slammed him onto his squad car parked directly in front of Glover's car. (Ex. B, p. 63; Ex. D., p. 66). Moore then grabbed Boyle by the collar and asked again for Boyle's ID. (Ex. B, p. 64). Boyle again asked "why" and Moore stated "because I said so." (Ex. B, p. 64). As Moore slammed Boyle into the car, Torres punched Boyle in the back and hit him in the stomach with a flashlight. (Ex. B, pp. 67,75).

Boyle then felt Torres starting to pull his pants down. (Ex. B, p. 75). Boyle heard Moore say "we're going to get your ass." (Ex. B, p. 70).

Boyle went down to the ground as Moore and Torres kicked and hit Boyle. Boyle said to the officers "I'm not doing anything, please stop hitting me" while the officers continued to strike Boyle and said "shut the fuck up." (Ex. B, pp. 71-72). When Boyle was on his knees and on the ground, Glover saw the Moore and Torres's legs moving and kicking Boyle. (Ex. D, p. 109). Boyle stated "I'm not resisting. Please stop kicking me." (Ex. D, p. 109). Moore and Torres kicked Boyle for several minutes. (Ex. D, p. 110). Glover did not see Boyle wrestling with any officers, nor did she see Boyle pick up any of the officers. (Ex. D, p. 115).

13. At some point during the physical altercation between Plaintiff and the University of Chicago Police Officers, one of the University of Chicago Police Officers called for back-up and several units from the University of Chicago Police as well as the Chicago Police responded to provide assistance. Exh. B (Charles Boyle Deposition) at p. 7677; Exh. C (Kenneth Roberson Deposition) at p. 44, 47, 50, 82; Exh. D (Ashley Glover Deposition) at p. 152-54; Exh. E (Clarence Moore Deposition) at p. 71-74, 80; Exh. F (Larry Tones Deposition) at p. 60, 64, 66; Exh. G (Vincent Darling Deposition) at p. 14-16; Exh. H (Carl Martin Deposition) at p. 10-11; Exh. I (Oscar Galarza Deposition) at p. 12, 14; Exh. J (Arthur Gillespie Deposition) at p. 14-16; Exh. K (Michael Kwiatkowski Deposition) at p. 15-17.

**ANSWER:** This paragraph is undisputed.

14. Plaintiff was on the ground, handcuffed, and then lifted up off the ground and "slammed" against a car before he saw what he thought were City of Chicago Officers. Exh. B

(Charles Boyle Deposition) at p.84-8'7, 112-14; Exh. D (Ashley Glover Deposition) at p. 126; Exh. E (Clarence Moore Deposition) at p.77-79, 80.

 **ANSWER:** This paragraph is undisputed.

15. The first time Plaintiff saw what he assumed were City of Chicago Police Officers, they were standing near a City of Chicago Police car, but only was certain that the Chicago Police were present after he was put in the Chicago Police squad car. Exh. B (Charles Boyle Deposition) at p. 112.

 **ANSWER:** This paragraph is undisputed.

16. The earliest anyone recalls seeing a City of Chicago Officer, not necessarily the Officers Darling and Martin, on scene was towards the very end of the physical altercation after Plaintiff was in handcuffs. Exh. B (Charles Boyle Deposition) at p. 112, 121; Exh. C (Kenneth Roberson Deposition) at p. 55-56, 61-62, 82-83; Exh. D (Ashley Glover Deposition) at p. 154; Exh. E (Clarence Moore Deposition) at p. 114; Exh. F (Larry Torres Deposition) at p. 52; Exh. K (Michael Kwiatkowski Deposition) at p. 28, 43.

 **ANSWER:** Plaintiff objects: Defendant has mischaracterized the evidence in the record. Plaintiff moves to strike paragraph 16. *See* <u>Nair v. Principi</u>, 2005 WL 1850358 *2 (N.D. Ill. Aug 10, 2005) (Where the Court agrees that statements of facts are misleading or mischaracterize the evidence, it is appropriate for the Court to disregard facts not supported by the cited evidence.) The record is mischaracterized because City of Chicago officers arrived before the end of the altercation and Officer Torres saw City of Chicago officers allegedly before Boyle was placed in handcuffs.

However, without waiving said objection, Plaintiff disputes the facts alleged in paragraph 16. Moore and Torres were repeatedly kicking Boyle on the ground as two City squad cars pulled up on the scene. (Ex. D, pp. 118,152; Ex. C, p. 47). At the same time, newly arrived

University officers ran out of their squad cars and immediately proceeded to run over to and kick Boyle for about one to two minutes. (Ex. D., pp. 116,120,121). In total, City officers watched the University officers kick and beat Boyle for about 2-5 minutes. (Ex. D., pp. 116,120,121; Ex. C, p. 83). Torres claims that during the altercation with Boyle he had the wind knocked out of him for a couple of seconds and when the assisting officers came he let go of Boyle because he was tired. (Ex. F, p. 64). Torres was winded and leaned over, so he did not see how Officer Moore and the assisting University officers tried to get Boyle down to the ground. (Ex. F, p. 67). Torres also did not see any officers place handcuffs on Boyle. (Ex. F, p. 70). Before Boyle was in handcuffs but after Torres was leaning over, Torres saw additional University and City officers on the scene. (Ex. F, p. 73).

17. Defendant Officer Darling and Martin were the third Chicago Police Unit to arrive on scene and had no information regarding the specifics of Plaintiff's interaction with the University of Chicago Police, and saw no use of force by the University of Chicago Officers. Exh. C (Kenneth Roberson Deposition) at p. 82; Exh. G (Vincent Darling Deposition) at p. 16, 17, 45; Exh. H (Carl Martin Deposition) at p. 10-14, 40, 48; Exh.K (Michael Kwiatkowski Depostion) at p. 43.

ANSWER: Plaintiff objects: Defendant has mischaracterized the evidence in the record. Plaintiff moves to strike paragraph 17. *See* Nair v. Principi, 2005 WL 1850358 *2 (N.D. Ill. Aug 10, 2005) (Where the Court agrees that statements of facts are misleading or mischaracterize the evidence, it is appropriate for the Court to disregard facts not supported by the cited evidence.) The record is mischaracterized because City of Chicago officers Darling and Martin arrived before the end of the altercation and Officer Torres saw City of Chicago officers allegedly before Boyle was placed in handcuffs.

However, without waiving said objection, Plaintiff disputes the facts alleged in paragraph

17. Moore and Torres were repeatedly kicking Boyle on the ground as two City squad cars pulled up on the scene. (Ex. D, pp. 118,152; Ex. C, p. 47). At the same time, newly arrived University officers ran out of their squad cars and immediately proceeded to run over to and kick Boyle for about one to two minutes. (Ex. D., pp. 116,120,121). In total, City officers watched the University officers kick and beat Boyle for about 2-5 minutes. (Ex. D., pp. 116,120,121; Ex. C, p. 83). Torres claims that during the altercation with Boyle he had the wind knocked out of him for a couple of seconds and when the assisting officers came he let go of Boyle because he was tired. (Ex. F, p. 64). Torres was winded and leaned over, so he did not see how Officer Moore and the assisting University officers tried to get Boyle down to the ground. (Ex. F, p. 67). Torres also did not see any officers place handcuffs on Boyle. (Ex. F, p. 70). Before Boyle was in handcuffs but after Torres was leaning over, Torres saw additional University and City officers on the scene. (Ex. F, p. 73).

After lifting Boyle up, Officer Moore slammed Boyle against the trunk of a squad car. (Ex. B, p. 87). Darling and Martin, who were still standing next to their squad car, then saw Torres, Moore, and Galarza walk Boyle over to their City patrol car and place Boyle into the back seat. (Ex. B, p. 115-116; Ex. G, p. 18). Therefore, Darling and Martin had to be present when the University officers kicked Boyle was on the ground as they were out of their cars before Boyle was stood up and walked over to their vehicle.


18. Plaintiff and his friends cannot recall specifically who these first Chicago Police Officers were; they cannot describe their approximate height or weight, and they are unsure of their race, except that one was possibly African American. Exh. B (Charles Boyle Deposition) at p. 118-119; Exh. C (Kenneth Roberson Deposition) at p. 83; Exh. D (Ashley Glover

Deposition) at p. 159.

**ANSWER:** Plaintiff objects: Defendant has mischaracterized the evidence in the record. Plaintiff moves to strike paragraph 18. *See* Nair v. Principi, 2005 WL 1850358 *2 (N.D. Ill. Aug 10, 2005) (Where the Court agrees that statements of facts are misleading or mischaracterize the evidence, it is appropriate for the Court to disregard facts not supported by the cited evidence.) The record is mischaracterized because Plaintiff's incident report does not reflect an altercation.

However, without waiving said objection, Plaintiff disputes the facts alleged in paragraph 18 in part. Boyle described the City officers as follows: One of the officers was a dark-skinned guy, with some facial hair, average build. (Ex. B, p. 118-119). Glover described three to four City of Chicago officers, all male, and remembered one black officer. (Ex. D, p. 159).

19. Officer Darling is 5'10, 215 lbs, is African American with a medium complexion and had a moustache; Officer Martin is approximately 5' 10" , 235 lbs, is African American with a dark complexion and a moustache; Officer Mark Jones who was first on the scene is 5'9" , 160 lbs, is African American with a medium complexion and no facial hair; Sgt. Witczak is approximately 5' 10", 175 lbs, has no facial hair and is Caucasian. Exh. L (Affidavit of Vincent Darling).

**ANSWER:** This paragraph is undisputed.

20. Plaintiff is just slightly taller than 5'11" tall and about 235 lbs and played football at the University of Illinois. Exh. B (Charles Boyle Deposition) at p. 8-10.

**ANSWER:** This paragraph is undisputed.

21. Officers Darling and Martin arrived on scene and saw two other City of Chicago squad cars in addition to theirs, and maybe three to four University of Chicago

squad cars. Officers Darling and Martin saw Plaintiff in handcuffs. Exh. E (Clarence Moore Deposition) at p. 71-74, 80; Exh. F (Larry Tones Deposition) at p. 52; Exh. G (Vincent Darling Deposition) at p. 17-18; Exh. H (Carl Martin Deposition) at p. 10-14.

**ANSWER:** Plaintiff disputes the facts alleged in paragraph 21 in part. Plaintiff does not dispute Darling and Martin saw Plaintiff in handcuffs. Plaintiff disputes all other facts contained in paragraph 21. In total, City officers watched the University officers kick and beat Boyle on the ground for about 2-5 minutes. (Ex. D., pp. 116,120,121; Ex. C, p. 83). After lifting Boyle up, Officer Moore slammed Boyle against the trunk of a squad car. (Ex. B, p. 87). Darling and Martin, who were still standing next to their squad car, then saw Torres, Moore, and Galarza walk Boyle over to their City patrol car and place Boyle into the back seat. (Ex. B, p. 115-116; Ex. G, p. 18). Therefore, Darling and Martin had to be present when the University officers kicked Boyle was on the ground as they were out of their cars before Boyle was stood up and walked over to their vehicle.

22. Upon arriving at the scene Officers Darling observed one University of Chicago Officer with Plaintiff and learned that Plaintiff had resisted arrest and that the University of Chicago Officers wanted to sign complaints. Exh. G (Vincent Darling Deposition) at p. 14-16.

**ANSWER:** Plaintiff objects: Defendant has mischaracterized the evidence in the record. Plaintiff moves to strike paragraph 22. *See* <u>Nair v. Principi</u>, 2005 WL 1850358 *2 (N.D. Ill. Aug 10, 2005) (Where the Court agrees that statements of facts are misleading or mischaracterize the evidence, it is appropriate for the Court to disregard facts not supported by the cited evidence.) The record is mischaracterized because Plaintiff did not resist arrest.

However, without waiving said objection, Plaintiff disputes the facts alleged in paragraph 12. See Plaintiff's Answer to Defendants' Fact #12.

23. At that same time, Officer Martin spoke to their supervisor who told him they would be the transport vehicle because the other City of Chicago Officer on scene was working alone and it is procedure to transport prisoners in a two-man car. Exh. H (Carl Martin Deposition) at p. 15.

**ANSWER:** This paragraph is undisputed.

24. The University of Chicago Officers walked Plaintiff to Officers Darling and Martin's squad car, placed him inside, and Officers Darling and Martin transported Plaintiff to the police station, processed the arrest paper work for Plaintiff, which included preparing the complaints with the help of the complaining witness University of Chicago Police Officer Moore. Exh. B (Charles Boyle Deposition) at p. 87, 90; Exh. E (Clarence Moore Deposition) at p. 103-05; Exh. G (Vincent Darling Deposition) at p. 24, 28-33; Exh. H (Carl Martin Deposition) at p. 16-17, 22; Exh M (Arrest Report and Complaints).

**ANSWER:** This paragraph is undisputed.

25. After processing Plaintiff, Officers Darling and Martin had no further role in Plaintiff's criminal case and did not testify in the criminal case. Exh. H (Carl Martin Deposition) at p. 45; Exh. N (Vincent Darling and Carl Martin Answer's to interrogatories) at 15.

**ANSWER:** Plaintiff objects: Defendant has mischaracterized the evidence in the record. Plaintiff moves to strike paragraph 25. *See* Nair v. Principi, 2005 WL 1850358 *2 (N.D. Ill. Aug 10, 2005) (Where the Court agrees that statements of facts are misleading or mischaracterize the evidence, it is appropriate for the Court to disregard facts not supported by the cited evidence.) The record is mischaracterized because Plaintiff's incident report does not reflect an altercation.

However, without waiving said objection, Plaintiff disputes the facts alleged in paragraph 25. Darling and Martin took Boyle down to the 21st District Police Station for processing. (Ex. G, p. 21). Moore and Torres followed Darling, Martin and Boyle to the 21st district station. (Ex. G, p. 29). Moore told Darling in the 21st District Station that he had made a stop on Boyle because the hood on his car was up. (Ex. G, p. 31). Moore also told Darling that he and Boyle got into a verbal altercation, and that Moore took Boyle down to the ground. (Ex. G, p. 31). Torres told Darling that he assisted Moore in calming Boyle down and placed Boyle in custody. (Ex. G, p. 31). Darling asked Moore and Torres if they were ready to sign criminal complaints against Boyle. (Ex. G, p. 32). Darling wrote out the information that was originally contained on the criminal complaint forms and signed the complaints. (Ex. E, p. 105).

26. Plaintiff's criminal case was dismissed based on his motion to suppress his arrest, after the complaints were amended by the State's Attorney. Exh 0 (People v. Charles Boyle, 08 MC 1277951) at p. 87-89; Exh. P (Certified Statement of Disposition).

**ANSWER:** This paragraph is undisputed.

BY: s/ Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES BOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 09 C 1080 |
| | ) | |
| v. | ) | JUDGE BUCKLO |
| | ) | |
| UNIVERSITY OF CHICAGO, *et al*. | ) | MAGISTRATE JUDGE DENLOW |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING**

To:  Steven Puiszis  Helen C. Gibbons
   Hinshaw & Culbertson  Assistant Corporation Counsel
   222 North LaSalle Street  30 N. LaSalle Street, Suite 1400
   Suite 300  Chicago, IL 60602
   Chicago, IL 60601-1081

**PLEASE TAKE NOTICE** that on May 6, 2010, the undersigned filed with the Clerk of this Court, **PLAINTIFF'S RESPONSE IN OPPOSITION TO THE CITY OF CHICAGO DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS**, service of which is being made upon you.

s/Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877

**PROOF OF SERVICE**

I, Jonathan R. Ksiazek, an attorney, under penalty of perjury, and state that on May 6, 2010, service is being made in accordance with the General Order on Electronic Case Filing section XI.

s/Jonathan R. Ksiazek
Jonathan R. Ksiazek