Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1080 | **DATE** | 3/15/2011 |
| **CASE TITLE** | Boyle vs. Torres, et al. | | |

**DOCKET ENTRY TEXT**

The City Defendants' motion to recover costs [84] is granted in part and denied in part. I tax the following costs against plaintiff: $414.00 (copying), $1,263.55 (court reporter costs minus deposition exhibits charges), and $270.00 (criminal case transcript), totaling $1,947.55.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On December 21, 2010, I entered summary judgment in favor of defendants Vincent Darling, Carl Martin, and the City of Chicago (collectively the "City Defendants"). In the same order, I denied summary judgment in part for defendants Torres, Moore, Galarza, Kwiatkowski, Gillespie and the University of Chicago (collectively the "University Defendants"). Before the court is the City Defendants' motion to recover costs. Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees should be allowed to the prevailing party." 28 U.S.C. § 1920 specifies the costs that may be recoverable pursuant to Rule 54(d)(1): (1) the fees of the clerk and marshal; (2) fees for court reporters and transcripts; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. When evaluating a bill of costs, a court must determine: (1) whether the expenses are allowable under § 1920, and (2) whether the expenses are reasonable and necessary. *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

The City Defendants request that plaintiff pay total taxable costs of $1,962.45, which includes copying costs of $414.00 and court reporting costs of $1278.45. They also seek $270.00 for the cost of a transcript from plaintiff's criminal case. Plaintiff raises certain objections to these costs. For the reasons set forth below, I grant in part and deny in part the City Defendants' request.

Plaintiff first makes a global objection to the award of any costs, arguing that the University Defendants "were responsible for a disproportionate share of the costs[.]" Pl.'s Obj. at 3. Plaintiff argues that without the actions of the University Defendants (who initiated the arrest of plaintiff and were the first officers on the scene), the City Defendants would not have been named as defendants in this case. According to plaintiff, "As the City Defendants only arrested the Plaintiff as a result of the University Defendants' actions, if the University Defendants are found liable to the Plaintiff in this case then they should be ordered to pay any costs deemed as allowable from the City Defendants." *Id.* In a rather novel argument, then, plaintiff maintains that the court

should await the final outcome in this case to determine which party should pay the City Defendants' costs. According to plaintiff, if he is ultimately successful, then the City Defendants' costs should be paid by the University Defendants, not plaintiff.

Not surprisingly, plaintiff provides no persuasive authority for his unsupportable position. Plaintiff, as master of his complaint, brought this lawsuit and decided to sue both sets of defendants. The choice to include the City Defendants was plaintiff's, not the University Defendants'. The few cases cited by the plaintiff all deal with allocating costs between multiple losing parties who share joint and several liability, a factual scenerio which is clearly not present here. The bottom line here is that the City Defendants are entitled to costs, and plaintiff must pay those costs. *See Anderson v. Griffin*, 397 F.3d 515, 522 (7th Cir. 2005) (explaining that the award of costs to a prevailing party is a "vestige of the English 'loser pays' rule").

Having concluded that costs are to be taxed, I next consider the objections plaintiff raised to the specific items in the City Defendants' motion. First, plaintiff objects to $332.70 of the $414.00 identified as "Copies and Exemplifications." Specifically, plaintiff objects to the inclusion of costs for copies of the City Defendants' Motion for Summary Judgement, as well the accompanying memorandum, Local Rule 56.1 statements, the University Defendants' Rule 56.1 statements, plaintiff's appendix of exhibits and the City Defendants' reply to plaintiff's summary responses. Plaintiff argues these charges are not necessary because the City Defendants already had copies of these documents. My standing order requires a party to deliver a courtesy copy of the summary judgment filing to chambers, and thus the costs associated with the City Defendants' summary judgment briefing is reasonable and recoverable. With respect to the court docket entries relating to the University Defendants' Rule 56.1 statements, plaintiff's appendix of exhibits and the City Defendants' reply to plaintiff's summary responses, it is reasonable for a party to have a complete copy of what is filed with the court as part of the record. *See Kulumani v. Blue Cross & Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000) ("Two copies of every document filed with court or provided to opposing counsel makes sense; it is easy to see why each is useful."). Although there was no objection, I note that the City Defendants seek reimbursement for two copies of five letters from Helen C. Gibbons to Meghan A. Gonnissen. Based on *Kulumani*, I find that two copies is not unreasonable. The copying costs of $414.00 sought by the City Defendants are reasonable and are taxed against the plaintiff.

Finally, "Plaintiff objects to the fact that the Defendants failed to separate out the number of exhibit pages ordered in each deposition, rendering it impossible to determine the reasonableness of Defendants' claimed [amount] of $1,278.45 and what number of these pages contained exhibits." Pl.'s Obj. at 6. According to plaintiff, a "prevailing party may generally not recover the costs of deposition exhibits where the party was in possession of the exhibits prior to the taking of the deposition." *Id.* (citing *Fagbemi v. Spatz*, No. 08 C 3736, 2010 WL 3522946, at *4 (N.D. Ill. Sept. 2, 2010)).

As an initial matter, the City Defendants did, in fact, separate out the number of exhibit pages ordered in each deposition, as is clear in their table of "Deposition Costs" and in the transcription receipts attached as an exhibit to the motion for costs. With respect to whether the City Defendants are entitled to the court reporter charges for copies of deposition exhibits, I conclude they are not. Pointing to *Gyrion v. City of Chicago*, 454 F. Supp. 2d 725 (N.D. Ill. 2006), the City Defendants argue that because plaintiff arranged for the depositions, they are entitled to the full costs of those depositions, which presumably would include the copies of deposition exhibits. I would be more inclined to award the exhibit copy charges if the City Defendants explained why they were necessary, and indicated whether or not they already had copies in their possession. "Courts should not award 'costs associated with deposition exhibit copies unless the costs are essential to understanding an issue in the case.'" *Menasha Corp. v. News America Marketing Instore, Inc.*, No. 00 C 1895, 2003 WL 21788989, at *2 (N.D. Ill. July 31, 2003) (quoting *Fait v. Hummel*, No. 01 C 2771, 2002 WL 31433424, at *2 (N.D. Ill. Oct.

| STATEMENT |
|---|

30, 2002)). I decline to award the charges for exhibit copies where the City Defendants have put forward no argument or evidence that the exhibit copies were essential. The City Defendants have not shown that the deposition exhibits were anything other than extra copies of documents already within their possession. As a result, I decline to award the $14.90 associated with deposition exhibits.

Plaintiff has voiced no objection to the reporting costs associated with the transcripts (or the transcription in plaintiff's criminal case), and because they are within the allowable amounts, I will tax them as reasonable and necessary. Finally, plaintiff has not objected to the court reporter delivery charges, and I will tax those charges as well. *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995) (where court labeled *per diem* costs and delivery costs of court reporter "incidental" to taking of deposition and concluded that the district court's award of costs to prevailing party was not abuse of discretion).

In the end, I tax the following costs against plaintiff: $414.00 (copying), $1,263.55 (court reporter costs minus deposition exhibits charges), and $270.00 (criminal case transcript), totaling $1,947.55.